[Crim. No. 6480.   Second Dist., Div. Three.   July 31, 1959.]

THE PEOPLE, Respondent, v. ARTHUR BRYSON, Appellant.

Arthur Bryson, in pro. per., for Appellant.

Stanley Mosk, Attorney General, for Respondent.

SHINN, P. J.—Arthur Bryson pleaded guilty to robbery and denied having suffered two prior felony convictions as alleged in the information. The court determined the offense to be robbery of the second degree and disposition of the priors was continued to the hearing on probation and sentence. At that time, Bryson made a motion to withdraw his guilty plea; the motion was denied; the court found the priors to be true; probation was denied; and Bryson was sentenced to state prison for the term prescribed by law. He appeals from the judgment.

Upon application of appellant for appointment of counsel, the matter was referred to the Committee on Criminal Appeals of the Los Angeles Bar Association with a request for a report which would call our attention to any matter disclosed by the record which would indicate that Bryson might be entitled to some relief. After receiving a report from a member of the committee that no meritorious ground of appeal had been found, and in accordance with our settled practice, we examined the record in order to ascertain whether appointment of counsel would serve any useful purpose. Having determined that the appointment of counsel would be unjustified we denied the application and notified appellant of our order, substantially extending his time to file a brief. No brief having been filed, we have reexamined the record and are disposing of the appeal by written opinion.

Bryson was represented by a deputy public defender during all stages of the trial proceedings. In moving to set aside the plea of guilty to robbery his counsel stated: "I notice in the probation report also that he contends that he didn't really want to plead guilty, but for some reason or

other he did. He claims that actually there was an arrangement worked out between the alleged victim of the robbery and the defendant so that he would pull the robbery and then receive $500 from the victim for doing so and the victim would claim the insurance. The defendant has written a letter to the office saying he wishes to withdraw that plea. So I make that motion at this time, your Honor.'' No showing was made of facts which would have warranted the court in setting aside the plea. The motion was properly denied. (14 Cal.Jur.2d 510-512.)

However, the People failed to prove the prior felony convictions. It was alleged in the information that appellant had been convicted of robbery in 1938 and of violating Vehicle Code, section 503 in 1953, and had served terms of imprisonment in state prison. Bryson having denied the priors, the People were required to prove them by competent evidence. A sufficient showing would have been made by offering certified copies of the judgments and commitments in each case or certified copies of the state prison records, together with proof that appellant was the person referred to in the documents. (24 Cal.Jur.2d 626-627.) No evidence was offered by the People. It appears from the record that the finding as to the prior convictions was predicated upon statements contained in the probation report which, in turn, were based upon information gathered from the files of various police departments and other law enforcement agencies. The hearsay statements in the probation report did not constitute the requisite proof of the priors and the adjudication that appellant had suffered two prior convictions was without support in the evidence.

The judgment is reversed and the cause remanded to the trial court with direction to that court that if, within 20 days after the filing therein of the remittitur from this court, the district attorney shall apply for an order dismissing that portion of the information which charges appellant with having been convicted of two felonies prior to the commission of the offense of robbery charged therein, and said application be granted, and the court shall pronounce judgment and sentence upon appellant, thereupon such judgment shall stand affirmed. If the district attorney shall not within said period of 20 days make said application, or if it is made and denied, the trial court shall grant appellant a new trial as to the accusation of the former convictions only.

Wood (Parker), J., and Vallée, J., concurred.