HERNDON, J.
 

 Appellant Cecil D. Mays appeals from the judgment of the trial court entered after a nonjury trial wherein he and a codefendant, Victor Chavez Macias, were convicted of selling heroin in violation of section 11501 of the Health and
 
 *800
 
 Safety Code. Appellant also was found to have suffered two prior felony convictions involving the possession of narcotics. Probation was denied and appellant sentenced to imprisonment for the term prescribed by law. He presents this appeal in propria persona following a finding by this court on August 14,1961, that appointment of counsel to represent him herein would be neither advantageous to appellant nor helpful to the court. He assigns numerous asserted errors as grounds for a reversal of the judgment, and we have fully considered the entire record in relation thereto.
 

 Appellant complains of a denial of due process as the result of the appearance by three different members of the public defender’s office during the course of the proceedings relating to his arraignment and the entry of his plea. However, there is nothing in the record to indicate that appellant ever offered any objections nor does he make the slightest showing that he was in any way prejudiced by the manner in which he was represented in these proceedings. Moreover, a month prior to the date set for the trial, private counsel was substituted for the public defender to represent appellant due to a possible conflict of interest between the defendants, and such private counsel represented appellant in all the proceedings thereafter.
 

 Appellant next alleges that he was deprived of his right to a speedy trial. However, the record fails to show that he or his counsel objected to the trial date or to the one continuance which was granted on the motion of his codefendant. In the absence of a contrary showing, consent will be presumed on appeal.
 
 (People
 
 v.
 
 Taylor,
 
 52 Cal.2d 91, 93 [338 P.2d 337].) Where a defendant neither objects to going to trial, nor makes a motion to dismiss in the trial court under section 1382 of the Penal Code, error may not be asserted in the appellate court because of his failure to receive an earlier trial.
 
 (People
 
 v.
 
 Martinez,
 
 145 Cal.App.2d 361, 365-366 [302 P.2d 643].)
 

 The contention most strenuously urged by appellant is that the evidence fails to support the verdict. Viewing the evidence most favorable to the respondent, as we are required to do, it may be fairly summarized as follows:
 

 On September 7, 1960, at approximately 3 p. m., a police officer and an informant with whom he was working, met the codefendant Macias. The informant asked Macias, “Do you have anything?” and Macias replied, “No.” Shortly thereafter, appellant met the officer and the informant and appel
 
 *801
 
 lant asked them, “Have you been able to get anything
 
 %
 
 I’ve been looking for George.” The informant replied, “I don’t want any of George’s stuff. It’s no good. We just saw Victor, and he has some real good stuff. ’ ’ The three then walked back down the street where they again encountered the codefendant Macias. Appellant, after a conversation with Macias outside the hearing of the officer and the informant, reported to them, “Vie doesn’t have anything right now, but if someone has a car, he can cop some for us. ’ ’
 

 The officer volunteered to use his car, and the four parties drove to another location. While the officer, the informant and the appellant waited, Macias went to an unknown location and returned approximately 15 minutes later. He thereupon gave appellant a balloon and appellant handed him nine dollars of his own money and a ten-dollar bill which the officer earlier had given to the informant who, in turn thereafter, had given it to appellant. Apparently lacking fingernails strong enough to untie the balloon, and not wishing to cut it, appellant handed it to the informant who untied it and returned it to appellant. Appellant removed five capsules therefrom and gave them to the informant, who placed them in cellophane paper. Appellant kept the capsules remaining in the balloon. The capsules in the cellophane paper were in turn given to the officer who later submitted them for examination. They were found to contain heroin.
 

 Appellant urges that this conduct on the part of the officer and the informant constituted entrapment. The contention obviously is without merit. As indicated by the above summarized evidence, it was appellant himself who first brought up the subject of getting “anything,” i.e., narcotics.
 

 When the criminal intent originates in the mind of the accused and the offense is completed, the fact that an opportunity is furnished or that the accused is aided in the commission of the crime in order to secure evidence necessary to prosecute him therefor, constitutes no defense. If the officer posed only as a willing buyer and the accused was ready and willing to make the sale, there was no entrapment.
 
 (People
 
 v. Munoz, 198 Cal.App.2d 649, 656 [18 Cal.Rptr. 82].)
 

 In support of his contention that the evidence fails to support the judgment, appellant argues that he was merely a cobuyer with the officer and the informant and not a seller of narcotics. This argument was rejected by the trial judge.
 

 Unless it can be said as a matter of law that there is no substantial evidence to sustain the finding of the trial court,
 
 *802
 
 its decision will not be disturbed on appeal.
 
 (People
 
 v.
 
 Tompkins,
 
 109 Cal.App.2d 215, 220 [240 P.2d 356].)
 

 The evidence here is unquestionably sufficient. It is clear that the codefendant Macias made a sale in this case and that appellant at the very least aided and abetted therein. In fact, it appears that Macias initially had refused to sell to the officer and the informant and agreed to do so only after what appellant described in his testimony as “a conference” which appellant had with him. The money was handled by appellant and all the narcotics were received and distributed by him. Section 31 of the Penal Code classifies as principals in the commission of a crime all persons who aid and abet in its commission. The acts of appellant clearly bring him within the coverage of this section.
 

 Appellant’s final assignment of error complains of the allowance of an amendment to the indictment on the day of trial, and after a jury had been waived, to include the charge of two prior felony narcotic convictions. This was proper under the terms of both section 11501, Health and Safety Code, and section 969a of the Penal Code. In fact, “ [i]t was the duty of the district attorney to move the amendment and the duty of the court to grant it.”
 
 (People
 
 v.
 
 Harris,
 
 199 Cal.App.2d 474, 476 [18 Cal.Rptr. 708].)
 

 No prejudice resulted therefrom since the record discloses that both appellant and his counsel refused a continuance offered by the court and thereafter again waived their right to a jury trial on the issue of the prior convictions. Further, appellant does not assert that such charges were false ,• during the trial he expressly admitted their truth.
 

 The judgment is affirmed.
 

 Fox, P. J., and Ashburn, J., concurred.
 

 A petition for a rehearing was denied August 20, 1962, and appellant’s petition for a hearing by the Supreme Court was denied September 26, 1962.