[Crim. No. 7834.   Second Dist., Div. Four.   July 25, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. FRED LEWIS, Defendant and Appellant.

Warren L. Ettinger, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Calvin W. Torrance, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—The Los Angeles County Grand Jury returned an indictment charging defendant with the crime of offering to unlawfully sell, furnish . . . a substance falsely represented to be narcotics, in violation of section 11503 of the Health and Safety Code. The indictment was amended alleging two prior felony convictions, and defendant was arraigned on the prior convictions charged. Defendant entered a plea of not guilty and denied the prior convictions. Trial was by court, trial by jury having been duly waived by defendant and all counsel. Motion for new trial and probation were denied. Defendant was found guilty as charged, and the prior convictions were found to be true. Defendant was sentenced to state prison for the term prescribed by law.

James T. Johnson, a Los Angeles undercover police officer assigned to the narcotics division, testified that on October 25, 1960, he entered the Rainbow Bar at Crockett and Fifth Streets in the City of Los Angeles with another undercover

police officer. After being approached by two individuals who identified themselves as Felix and Connie, Officer Johnson asked them if they knew where he could get some "pot." They advised him they did not know right away, but they knew someone who could get him some. The two persons went outside and returned to the bar in a few minutes. Officer Johnson then asked them "what had happened," and they said "there was no happenings." Shortly thereafter defendant entered the bar and appeared to have a conversation with Connie and Felix. As Officer Johnson was leaving the bar, defendant called him over and asked if he still wanted some "tea." Officer Johnson replied, "Yes." The officer then asked defendant, "What have you got?" Defendant replied, "I can get you a half a can of tea for $8.00; wait here until I get back." Defendant disappeared and shortly thereafter returned and told Officer Johnson to follow him. Officer Johnson followed him to a yard at 514 S. Crocker Street where defendant handed Officer Johnson a paper containing a green leafy substance, and Officer Johnson handed defendant $8.00 in currency. Defendant then asked Officer Johnson, "Do you want some brown paper to roll it with?" Officer Johnson indicated he did and the two of them then walked to a liquor store on the corner of Fifth and Crocker and purchased some brown bootstraw paper in which to roll the substance defendant had delivered to him.

It was stipulated at the trial that the contents of the bag introduced in evidence was not marijuana, nor was it a narcotic. Officer Johnson testified that as a police officer specially assigned to the narcotics division he was familiar with vernacular in narcotic traffic. He testified that marijuana is commonly referred to as "tea"; that the term "pot" also means marijuana; that the term "what has happened" means "can I get some narcotics"; and the expression "there was no happenings" means in the parlance of narcotic dealers, "I have no narcotics at the present time."

Defendant did not testify in his own behalf, nor did he call any witnesses for his defense.

Defendant contends the evidence was not sufficient to indicate defendant had knowledge that the officer desired to purchase a narcotic or to show the intent on the part of defendant to sell a narcotic. With this we disagree. ▮▮ As stated in *People* v. *Blake*, 179 Cal.App.2d 246, 254 [3 Cal.Rptr. 749]: "To constitute the offense of offering to sell narcotics, it is not necessary that any particular language or words be used,

providing that the language used, viewed in the light of the attending circumstances, is sufficient to show that an offer is being made to sell and furnish narcotics."

A violation of section 11503 of the Health and Safety Code requires only that a defendant agree, consent or offer to unlawfully sell, furnish, . . . any narcotic, and then sell, deliver, furnish . . . any other substance or material in lieu of a narcotic.

In this case Officer Johnson qualified as an expert on the terms, phrases, and jargon customarily used in this area by peddlers of narcotics. ▮▮▮ As we have stated before in *People* v. *Symons*, 201 Cal.App.2d 825, 831 [20 Cal.Rptr. 400], "The question of foundation of an expert witness and his qualifications is fundamentally in the discretion of the trial judge who sees and hears the witness and determines whether or not he is qualified. . . . 'The qualifications of an expert witness are for the trial court [citation] and any question as to the degree of his knowledge goes to the weight of his testimony rather than as to its admissibility. [Citations.]' ''

▮▮▮ The trial court found that defendant here offered, in the vernacular of the narcotics world, to sell and deliver a narcotic, and then sold and delivered a substance in lieu thereof. All the elements of a violation of section 11503 of the Health and Safety Code are supported by the evidence.

▮▮▮ Defendant next contends that he was denied a fair trial in that he made an unintelligent and incompetent waiver of the right to have assistance of counsel at the trial. We find no merit in this contention. Prior to the trial defendant was assigned a public defender to represent him. Defendant refused the services of the public defender as his counsel and asked that he be discharged. The trial judge carefully explained to defendant his right to be represented by counsel and urged him to be so represented. The defendant was adamant in his desire to represent himself.

▮▮▮ The law on this point was stated in *People* v. *Ortiz*, 195 Cal.App.2d 112, 116 [15 Cal.Rptr. 398]: "A defendant cannot urge as a ground for reversal that the trial court refused to appoint counsel to represent him where, prior to the trial, he appeared before the court and without apparent good reason terminated the services of the public defender who had been appointed to represent him. [Citations.]"

▮▮▮ In the instant case defendant refused to accept the public defender as counsel to represent him and insisted to the court that he should represent himself. For the record in

this case, we feel that defendant fully understood what he was doing in insisting upon representing himself against the advice of the court. (See also *People* v. *Butcher*, 174 Cal. App.2d 722, 726, 727 [345 P.2d 127].)

█ Defendant's final contention is that his waiver of a jury trial did not include an express waiver of a jury trial on the issue of prior felony convictions. He urges that an express waiver is required, and that it is error for the trial court to have found the prior felony convictions to be true. With this contention we do not agree.

This same contention was raised in *People* v. *Zavaleta*, 182 Cal.App.2d 422, 429, 430 [6 Cal.Rptr. 166], in which it was held: "The prior felony conviction allegation does not constitute a separate and distinct charge requiring, on a denial thereof and a plea of not guilty to the main offense, a trial separate from that on the issue of guilt in the latter; but constitutes only one of the issues in the trial of the new or main offense charged in the pleading [citations]; thus, when on his plea of not guilty defendant waived his right to a trial by jury, the waiver went not only to the not guilty plea on the possession charge, but to the denial of the previous convictions as well. The court having heard and determined the issue of defendant's guilt on his plea of not guilty, the issue relative to the prior felony convictions was properly heard and determined by the same trier of fact (Pen. Code, § 1025); '(M)oreover, no objection was made at the trial to the inclusion of the prior conviction along with the new offenses. Hence, it is not a subject for review . . .' [citation]."

The judgment of conviction and the order denying motion for new trial are affirmed.

Burke, P. J., and Balthis, J., concurred.