[Crim. No. 8928. Second Dist., Div. Four. Dec. 20, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. THURMAN WILLIAMS, Defendant and Appellant.

Harold J. Ackerman, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and C. Anthony Collins, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—After sundry amendments and consolidations, defendant ultimately went to trial on an information charging two counts of burglary, with six prior felony convictions. He pled guilty to count one, but denied the prior convictions. The second count was dismissed, the court found the prior felony convictions to be true, denied probation, fixed the degree of crime as burglary in the second degree, and sentenced appellant to prison for the term prescribed by law. He has appealed from the judgment of conviction.

In view of the plea of guilty, no matter relating to defendant's guilt is before us. His appeal challenges only the proof of the prior convictions and the manner of acting on the probation report.

I

After defendant had pled guilty, he and his counsel duly waived jury trial as to the prior felony convictions and, through his counsel, accepted a stipulation tendered by the deputy district attorney and couched in the following language: '' . . . the People will stipulate that as to those six priors the Court may determine them at the time of P & S from any information furnished the court by either counsel, that is, counsel for the defendant, myself, or the Probation Department.

The case came on for further proceedings before a judge other than the one who had taken the guilty plea and the stipulation. A probation report was on file, and there is no contention that it had not been served at the time required by section 1203 of the Penal Code. The report, stating that its information had been gained from certain law enforcement agencies and the probation department, set out a series of arrests and convictions, including six convictions, under various names, as to each of which the report says that it "appears to be" or that it "seems to be" one of the six felony convictions alleged in the information. The trial judge, after examining the file, found that "the priors are good" and proceeded to sentence defendant.

Defendant's counsel urges with vigor: (a) that the method of proving the priors was illegal, since it was not the mode of proof set out in section 969b of the Penal Code; (b) that the probation report was improperly considered, since it was hearsay upon hearsay; (c) that the probation report, given its fullest possible effect, does not clearly identify the convictions therein listed as being the same convictions as those charged in the information, and, thus, that the finding that

those convictions were proved was without evidentiary support; and (d) that the probation report leaves it uncertain exactly how many convictions defendant has suffered and whether or not he has served concurrent or consecutive terms of imprisonment therefor.

Under the circumstances of the present case, these contentions are without merit:

(1) As counsel correctly urges, a probation report, being hearsay, is not admissible in evidence over proper objection. (*People* v. *Bryson* (1959) 172 Cal.App.2d 536 [342 P.2d 274].) However, a defendant may admit the prior convictions charged against him and thereby obviate the requirement of any proof whatsoever; or he may stipulate to the determination of the truth of the charge of a prior conviction by any method acceptable to him, his counsel, the prosecutor and the court. Here the stipulation was entirely voluntary and mutually acceptable. An identical stipulation was considered and held to be valid and binding in *People* v. *Zavaleta* (1960) 182 Cal.App.2d 422, 430 [6 Cal. Rptr. 166]. Defendant's trial counsel received advance notice of the probation report (Pen. Code, § 1203); if he felt that the proof of the prior convictions was unreliable, insufficient or erroneous in any way, he had the duty and the opportunity to call such matter to the attention of the trial court at the time of the probation and sentence hearing. He did not do so; no suggestion or objection to the report or to the mode of proof was made. Defendant is bound by the stipulation and by the conduct of his trial counsel.

(2) Defendant's reliance on section 969b is misplaced. That section is permissive and not mandatory. It permits the use of what would otherwise be inadmissible hearsay; but it does not restrict the People from using other forms of proof, expecially where the other evidence is expressly agreed to by defendant and his counsel.

(3) Finally, since, as we will point out, the case must be sent back for reconsideration of probation and sentence, a new probation report will be required (*People* v. *Rojas*, (1962) 57 Cal.2d 676, 682-683 [21 Cal.Rptr. 564, 371 P.2d 300, 85 A.L.R.2d 252]). It is to be presumed that the new report will not be subject to the criticism quite properly directed against the one now before us. If the new report discloses that any error has been made in the finding relative to the allegation of prior convictions, the trial court has the

power, on proper application, to correct it at the new hearing.

## II

Defense counsel urges, also, that the proceedings leading to denial of probation and to sentence were fatally defective. Penal Code section 1203 provides (so far as is here pertinent), as follows: ". . . the court . . . must consider any report of the probation officer, and must make a statement that it has considered such report which must be filed with the clerk of the court as a record in the case." The reporter's transcript does not expressly show that the probation report was read by the trial judge, and no oral statement by that judge that he had read and considered the report appears in the record. It is true that the transcript does show clearly that the entire file, which included the probation report, was before the court, and that he referred to it in his discussion with counsel. But that is not enough. ▋ The making of the statutory statement is mandatory; and, even though we may conclude that the report had, in fact, been read and considered, the court was without power to deny probation or to impose sentence unless and until it had expressly, and in the statutory language, stated on the record or in writing that he had so read and considered the report. (*People* v. *Rojas, supra,* (1962) 57 Cal.2d 676, 681.)

▋ The probation report itself, which is before us, bears at its foot the typewritten statement: "I have read and considered the foregoing report of the probation officer." Below this is written an unidentifiable signature, purporting to be that of a judge of the superior court. At the time of oral argument counsel stipulated that the court might go outside the record so as to satisfy itself as to the signature appearing on the report. We have compared this signature with a known exemplar of the signature of the sentencing judge and have determined that it is not his signature. Since it is his order and sentence which is before us, only his signature (or his statement in open court that he had read and considered the report) could comply with the statutory requirement. (*People* v. *Surplice* (1962) 203 Cal.App.2d 784, 790-792 [21 Cal.Rptr. 826].)

Immediately below the signature just discussed are two handwritten letters, which the Attorney General suggests might be the initials of the sentencing judge and that they indicate that a second judge had read and considered the report. But, again, comparison indicates that the initials are

not in the handwriting of the sentencing judge. Consequently, whoever else wrote them, or for what purpose or with what intent, is immaterial.

The judgment is reversed with directions to rerefer the matter to the probation department for a current report, and thereafter to rearraign defendant for judgment and sentence.

Burke, P. J., and Jefferson, J., concurred.