[Crim. No. 15782.    Second Dist., Div. One.    May 13, 1969.]

THE PEOPLE, Plaintiff and Appellant, v. ISMAHL HER-RERA GUARACHA, Defendant and Respondent.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Maurice H. Oppenheim, Deputy District Attorneys, for Plaintiff and Appellant.

John W. Van Doren, under appointment by the Court of Appeal, for Defendant and Respondent.

FOURT, Acting P. J.—This is an appeal by the People from an order made on May 27, 1968, granting respondent's motion to dismiss and strike the prior convictions alleged against him and from an order made on June 6, 1968, sentencing respondent to state prison for the time prescribed by law.

In this case respondent while an inmate of the state prison system filed a petition for a writ of habeas corpus. That petition was granted on October 17, 1967 (by Court of Appeal, 1st Dist., Div. 1, 1 Crim. 6513 unpublished) and thereafter other proceedings were taken as appear from the minute entries hereafter set out. The opinion and the opinion on the petition for rehearing and the minute entries, are as follows:

"Petitioner is imprisoned under a judgment pronounced September 3, 1963 which convicted him, on his plea of guilty, of possession of narcotics in violation of section 11500 of the Health and Safety Code with two prior convictions, one for sale of narcotics May 21, 1958, and the second for possession of narcotics April 26, 1960. By his petition for a writ of habeas corpus he attacks that portion of the judgment which finds that he has suffered two prior convictions[1] on the following grounds: (1) that he was not arraigned nor was he provided a jury trial on the charged prior convictions, nor did he waive either the right to arraignment or right to jury trial on those charges; (2) that the report of the probation officer was legally insufficient to establish the prior convictions; (3) that he was inadequately represented by counsel; and (4) that he was denied due process of law under the Fourteenth Amendment of the United States Constitution.

"An order to show cause why the judgment should not be vacated and the petitioner arraigned on the prior convictions, which were charged in amendments to the original complaint, was issued, counsel was appointed for the petitioner, and a hearing held. It is concluded that the petitioner should be remanded to the trial court for arraignment on and further proceedings in connection with the alleged prior convictions, and for resentencing upon the disposition of those issues.

"On August 10, 1963, petitioner was arrested in the County of Los Angeles and charged with unlawful possession of her-

---

"[1]By petition filed with the Supreme Court on September 26, 1966 (Crim. 10451) petitioner sought relief from classification by the Adult Authority as a third time narcotic offender, on the theory that the judgment as originally pronounced by the trial court did not include any reference to the priors. This petition was denied October 4, 1966. Allegedly, a subsequent petition to the superior court in and for the County of Marin, on the grounds now asserted, was denied June 16, 1967."

oin for sale, in violation of section 11500.5 of the Health and Safety Code. He was brought before the Municipal Court of the Pomona Judicial District on August 13th, and, there, with the assistance of counsel, and the consent of the deputy district attorney, waived a preliminary hearing and entered a plea of guilty to a charge of possession in violation of section 11500 of the Health and Safety Code. The case was then certified to the Los Angeles County Superior Court, and defendant was directed to appear in that court on September 3d. (See Pen. Code, § 859a.)

"On August 22d, the district attorney filed a document charging a prior conviction of selling narcotics in 1958. This was superseded by a document filed August 28, 1963 entitled 'Prior Conviction Amended,' which charged the two prior convictions ultimately incorporated in the judgment under attack.

"Petitioner appeared with his counsel before the superior court on September 3d for sentencing. On file with the court was a probation officer's report recommending that probation be denied and that petitioner be sentenced to prison rather than sent to a medical facility. Also, on file was a letter in the petitioner's own handwriting requesting that he be sent to the narcotics hospital at Corona.

"Petitioner's attorney engaged in a brief colloquy with the court to the effect that he had hoped to have the petitioner sent to the medical facility. To this the court replied, 'I feel I have no alternative but a State Penitentiary sentence.' The court, thereupon, formally sentenced the petitioner with these words: 'The Court now renders its order and sentences you, Ismahl [sic] Herrera Guarach [sic], to the State Penitentiary for the term prescribed by law for this offense, and the Sheriff is directed to execute this sentence. Probation is denied.'

"Petitioner's counsel apparently left the courtroom at this point. The record does not indicate whether the petitioner remained or not.

"The deputy district attorney then addressed the court. He had apparently forgotten his file on the petitioner's case, but had noticed from the probation report that the petitioner had been convicted on two prior occasions of felonies involving narcotics. He then ascertained from the court that the two charged priors had not been disposed of. He requested that the court summon petitioner's attorney back into the courtroom. When this was done, the following colloquy took place: '[District Attorney]: I have my file, your Honor. I think the

priors are reflected in the Probation Officer's report, a copy of which you have seen. The Court: I have it here. Is there a stipulation as to what I may take into account in ruling on the priors? [District Attorney] : I believe that has been so. If it has not been we will so stipulate. [Petitioner's Attorney] : So stipulated. The Court: The stipulation is that I may use the probation report? [Petitioner's Attorney] : Yes, your Honor. The Court: Did you wish to argue the matter? [Petitioner's Attorney] : No. I would leave it up to the Court's discretion. The Court: The report does point out two priors that are alleged, and I therefore find, as alleged, two priors established. That was all that we had? [District Attorney] : Yes, your Honor. [Petitioner's Attorney] : Yes.'

''Following this hearing, judgment was entered in the minutes (Pen. Code, § 1207) imposing sentence for possession of narcotics and finding that the prior convictions were true, as alleged in the amended complaint. Regarding the issues raised by the petitioner here, the minutes state: 'Stipulate priors be determined on probation officer's report. Priors found to be true. Waives arraignment for judgment. Probation denied. Sentenced as indicated.'

''*There is nothing in the record to show that defendant was ever arraigned on the charged prior convictions, that he ever waived arraignment, that he ever had an opportunity to admit or deny the charges, or that he ever waived a jury trial on the issue of the truth of the charges which he had not admitted.* [Emphasis added.]

''It was the duty of the district attorney to file the amendments, charging the prior convictions. (Pen. Code, § 969½ and see § 969a; *People* v. *Mays* (1962) 205 Cal.App.2d 798, 801 [23 Cal.Rptr. 605], vacated (1963) 374 U.S. 490, [10 L.Ed.2d 1047, 83 S.Ct. 1883], remanded for consideration in light of *Douglas* v. *California,* 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814], affirmed (1964) 228 Cal.App.2d 842 [40 Cal. Rptr. 619] ; and *People* v. *Carson* (1941) 45 Cal.App.2d 554, 556-558 [114 P.2d 619].) The law provides: 'The defendant shall thereupon be arraigned before the court to which the complaint has been certified and must be asked whether he has suffered such previous conviction. If he answers that he has, his answer must be entered by the clerk in the minutes of the court, and must, unless withdrawn by consent of the court, be conclusive of the fact of his having suffered such previous conviction in all subsequent proceedings. If he answers that he has not, his answer must be entered by the clerk in the min-

utes of the court, and the question whether or not he has suffered such previous conviction must be tried by a jury impanelled for that purpose, unless a jury is waived, in which case it may be tried by the court. . . .' (Pen. Code, § 969½ and cf. §§ 969a and 1025.)

" 'The purpose of an arraignment or a rearraignment is to inform the accused of the charge against him and to give him fairly the opportunity to plead to it (Pen. Code, § 998). If the defendant pleads to the basic charge, and a trial is had on it, the purpose of an arraignment has been served.' (*In re Mitchell* (1961) 56 Cal.2d 667, 670 [16 Cal.Rptr. 281, 365 P.2d 177]; see also *People* v. *Yopp* (1961) 195 Cal.App.2d 726, 728 [16 Cal.Rptr. 115]; *People* v. *Walker* (1959) 170 Cal.App.2d 159, 164-165 [338 P.2d 536]; and *People* v. *Agnew* (1952) 110 Cal.App.2d Supp. 837, 840-841 [242 P.2d 410].) The foregoing doctrine would preclude attack for failure to arraign and secure an admission or denial of the charges, if the defendant had waived a jury trial. He was represented by counsel and the proceedings were taken in all respects as though he had denied the charged prior convictions. His counsel had the right to stipulate that the matters set forth in the probation report could be received in evidence. (*People* v. *Dominguez* (1965) 236 Cal.App.2d 464, 467 [46 Cal.Rptr. 23]; *People* v. *Williams* (1963) 223 Cal.App.2d 676, 678-679 [35 Cal.Rptr. 805]; *People* v. *Zavaleta* (1960) 182 Cal.App.2d 422, 430-431 [6 Cal.Rptr. 166]; and see *People* v. *Andrews* (1965) 234 Cal.App.2d 69, 77-79 [44 Cal.Rptr. 94]; and cf. *People* v. *Bryson* (1959) 172 Cal.App.2d 536, 538 [342 P.2d 274].)

" 'There was, however, no waiver of a jury trial. The waiver of a jury trial on the principal charge will carry with it a waiver of jury trial with respect to a denied prior conviction. (*People* v. *Lewis* (1962) 206 Cal.App.2d 82, 86 [23 Cal.Rptr. 495]; *People* v. *Zavaleta, supra*, 182 Cal.App.2d 422, 429-430.) Nevertheless, a plea of guilty to the principal charge does not carry with it a waiver of a jury trial to determine the existence of a prior conviction which is not admitted. (*People* v. *Ray* (1965) 238 Cal.App.2d 734-735 [48 Cal.Rptr. 167]; *People* v. *Lavendera* (1957) 151 Cal.App.2d 205, 207 [311 P.2d 105]; and see *People* v. *Walker, supra*, 170 Cal.App.2d 159, 165-166.) 'Defendant did not express in words a waiver of his right to a jury trial, and it has been uniformly held that the waiver must be so expressed and will not be implied from defendant's conduct. [Citations.]' (*People* v. *Holmes* (1960) ·

54 Cal.2d 442, 443-444 [5 Cal.Rptr. 871, 353 P.2d 583] ; accord: *People* v. *Walker, supra,* 170 Cal.App.2d 159, 166.) Where, as here, there has been no waiver of a jury trial the ensuing proceedings and any portion of the judgment predicated thereon are subject to attack by writ of habeas corpus. (*In re Adams* (1958) 160 Cal.App.2d 454, 455-456 [325 P.2d 107].)

"Defendant's attack is solely directed against that portion of the judgment which finds that he has suffered two prior convictions. Nevertheless, these findings cannot be segregated from the judgment itself because their existence or nonexistence affects the discretion of the trial court in determining the nature of the punishment or other remedial restraint to be imposed for the principal offense. (See Health & Saf. Code, §§ 11500 and 11715.6; and Welf. & Inst. Code, §§ 3051-3052.) Petitioner must, therefore, be returned to the trial court for resentencing, as well as for a proper adjudication on the charged prior convictions. If he is again sentenced to prison, his confinement upon the original judgment should be credited upon any new commitment. (Pen. Code, § 2900.1; *In re Levi* (1952) 39 Cal.2d 41, 47 [244 P.2d 403].)

"The petition for habeas corpus is granted to the extent necessary to afford petitioner the following relief. The petitioner is discharged from the custody of the authorities at California State Prison at San Quentin and *committed to the custody of the Sheriff of Los Angeles County with directions that petitioner be arraigned upon the charged prior convictions, that any issues thereby raised be disposed of according to law, and that petitioner thereupon be resentenced or subjected to such further proceedings as may be authorized by law.* [Italics added.]

"    .    .    .    .    .    .    .    .    .    ."

"OPINION ON DENIAL OF REHEARING

"BY THE COURT:

"On November 1, 1967 petitioner filed with the court his 'Petition for a Writ of Prohibition' in which he prays for an order prohibiting the trial court from bringing him to trial for the prior convictions. In view of the pendency of the instant case and the nature of the issues raised, this petition has been considered as a petition for rehearing in which the petitioner seeks to have the charged priors dismissed without further proceedings.

"He erroneously asserts that the court, after recalling him and finding the prior convictions true, permitted the judgment to remain unencumbered with the priors. The record is con-

trary. The judgment reflects the two prior convictions. The court under the circumstances had the power and authority to consider the alleged priors and correct its original pronouncement. (See *People* v. *Thomas* (1959) 52 Cal.2d 521, 529-536 [342 P.2d 889].) The defect was in the mode in which the court resolved the issues presented by the amendments to the complaint.

"Petitioner urges that there was no power to consider the priors after the original pronouncement of judgment because thereafter the complaint was no longer 'pending' as provided in Penal Code section 969½. This contention overlooks the fact that the amendments, which charged the prior convictions, were properly filed while the complaint was pending and before any attempt was made to pronounce sentence. Since they were undisposed of at the time of the original pronouncement, the court properly reopened the case to dispose of them. (*People* v. *Thomas, supra.*)

"Petitioner's principal complaint is that since the priors had not been charged at the time he entered his guilty plea before the magistrate, he believed that he would be subject to a sentence of from two to ten years (Health & Saf. Code, § 11500), and eligible for the narcotic addict rehabilitation program (Welf. & Inst. Code, §§ 3051-3052.) He urges that his plea of guilty, and consequent waiver of his right to a jury trial and right to be confronted by his accusers on the principal charge, were not intelligently made, because he did not realize at that time that he would be confronted with two prior narcotic offenses which would render him subject to a sentence from 15 years to life, and ineligible for the rehabilitation program. These facts were known to the defendant before he appeared for sentence. The probation report reflects that he disclosed his fears of at least a ten-year minimum sentence to the probation officer. No attempt to withdraw the plea was made at the time of the first sentencing, even after the court pointed out defendant's ineligibility for the rehabilitation program. It is noted, however, that the reduction of the charge from possession for sale in violation of section 11500.5 to possession in violation of section 11500, which occurred at the time of the entry of defendant's plea before the magistrate, is of little consequence on a third offense because in that event each section provides for a term of 15 years to life, and requires no less than 15 years in prison before eligibility for parole. If there is in fact some legal cause for a withdrawal of petitioner's plea of guilty, which

does not appear from the existing record, it may be asserted when he is rearraigned on the charged prior conviction.

"The petition for rehearing is denied."

Minute Entries

"1967

"June 28   Filed Petition for Writ of Habeas Corpus at 12:01 pm.

"July 25     "   order granting order to show cause on Thursday, Sept. 21, 1967 at 10:00 a.m. why judgment of the Superior Court of Los Angeles County in Action 27758, No. 9/3/63 should not be vacated and arraigned on prior convictions charged in amended information.

"Aug. 2    Filed request of petitioner for appointment of counsel.

"Aug. 8    Filed order appointing Mrs. Jane Gurley to represent petitioner.

"Aug. 15   Filed return to order to show cause and p/a in opposition to petition.

"Aug. 20   Filed supplementary memorandum in support of petition.

"Sept. 21  Cause called and argued. Cause ordered submitted.

"Oct. 11   Filed letter from counsel for petitioner.

"Oct. 17   Petition for habeas corpus granted to extent necessary to afford petitioner relief. Petitioner discharged from custody of authorities at San Quentin and committed to custody of sheriff of Los Angeles County with directions that petitioner be arraigned upon the charged prior convictions, and petitioner thereupon be resentenced or subject to such further proceedings as may be authorized by law. Sims, J. We concur: Molinari, P. J., Elkington, J. (Certified for nonpublication.)

"Nov. 10   (Petition for writ of prohibition filed in 25075 to be considered as petition for rehearing. )

"Nov. 10   Rehearing denied (opinion certified for nonpublication.)

"Nov. 24   Petition for hearing filed in Supreme Court.

"Dec. 13   Petition for hearing denied in Supreme Court.

"Dec. 17   C.C. of opinion to Warden of Tamal."

On December 17, 1967, the opinion of the Court of Appeal was sent to the warden at San Quentin Prison where respondent apparently was lodged. A copy of the opinion was handed to the Attorney General's deputy on October 17, 1967,

and a copy of the "opinion on denial of rehearing" was handed to the deputy attorney general on November 10, 1967. As pointed up at the oral argument of this case the Attorney General was fully advised before July 19, 1967, of the situation with reference to petitioner, for on July 19 a deputy attorney general wrote a letter to the Court of Appeal (apparently in response to Guaracha's petition) wherein the deputy attached as exhibits, (1) the certificate and order of the magistrate dated August 13, 1963, (2) a copy of the felony complaint, (3) a copy of the document dated August 21, 1963, amending the charge by including the first charged prior convictions (after the plea of guilty), (4) a copy of the document dated August 23, 1963, amending the charges by including the second charged prior conviction, (5) a copy of the probation officer's report (which does indicate that defendant had suffered the charged convictions, however there is nothing therein to support such indication by any evidence, such as certified copies of the former judgments), (6) a copy of the judgment as pronounced on September 3, 1963, and a copy of the reporter's transcript of the proceedings had at the time of pronouncement of judgment. From such documents it is crystal clear that Guaracha's rights had been severely violated. The Attorney General according to the minutes appeared in the Court of Appeal and argued against the issuance of the writ of habeas corpus on September 21, 1967.

Evidently no one from the prosecutor's office, the Attorney General's office or the superior court made any move to do anything for the time being and respondent on about January 24, 1967, sent a motion to the superior court in Los Angeles and requested a dismissal of the priors as alleged. This court pursuant to the Rules of Court has called for the original superior court file in this case and that file discloses that defendant did file such a document, however there is no file stamp on the document and it cannot be ascertained therefrom when it was received by the court. As time went on still nothing occurred insofar as arraigning defendant was concerned; respondent wrote to the Court of Appeal about the matter on March 18, 1968, wherein Guaracha stated that the court had granted his petition for the writ on October 17, 1967, and further asserted:

"As of this date March 18, 1968, petitioner has heard nothing from the Los Angeles County Superior Court, although petitioner has filed to [sic] separate Motions to the Los Angeles County Superior Court, Department No. East "A"

Pomona, California. The first Motion being filed on or about January 24, 1968, with no reply from the Court and the second Motion being filed on or about March 1, 1968 and as of this date March 18, 1968, petitioner has received no reply from the Court.

"It is Petitioner's wishes to be taken back to the original sentencing court as soon as possible and have the priors stricken and if this be the case, petitioner would be afforded the right to appear before the California Adult Authority Parole Board for Parole consideration, since petitioner would of [*sic*] been eligible for Parole after his minimum of two (2) years had been served.

"Any consideration you may give this matter will be highly appreciated, because I do feel that there is some kind of error on someone's part. Your earliest reply will be appreciated."

The Court of Appeal then directed a letter to the Attorney General on March 20, 1968, wherein a copy of defendant's letter was enclosed and it was stated that it appeared there had been no compliance with the decision of October 17, 1967 (some five months earlier). Some three weeks later the Attorney General answered the letter (received by Court of Appeal on April 15, 1968), and indicated that defendant would be in court in Los Angeles on April 18, 1968, for further proceedings.

Finally respondent was taken to the superior court in Los Angeles on April 18, 1968, when and where the public defender was appointed to represent him and on April 22, 1968, when the public defender declared a conflict, private counsel was appointed to represent respondent. On April 23, 1968, respondent's counsel requested a continuance to May 7, 1968 (apparently to the end that he could interview respondent, search the record and research the matter). There was no consent to waive time excepting for the one occasion and for the one purpose. The request was granted and on May 7, 1968, respondent made a motion to dismiss the charged prior convictions. The cause was then continued to May 27, 1968, for the submission of further points and authorities by counsel and for further argument. On May 27, 1968, the judge indicated that he agreed with respondent and his counsel that the hearing or trial with reference to the charge of the prior convictions had by statute and by the Constitutions of California and the United States been delayed too long and ordered the dismissal of the priors. On June 6, 1968, respondent was sentenced to the state prison for the term prescribed by law. The

prosecution filed a notice of appeal as indicated on June 6, 1968.

■  At this time the real question involved is whether under the circumstances of this case (where respondent was ordered arraigned on the alleged prior convictions by the Court of Appeal on December 17, 1967, the date the order became final), the prosecutor may wait for over four months before taking any action in the matter (and then only at the insistence of others) and thereafter effectively assert that respondent has been dealt with in accordance with the provisions of the law.

The Constitution of California in pertinent part provides: "Sec. 13. In criminal prosecutions, in any court whatever, the party *accused shall have the right to a speedy and public trial*; to have the process of the court to compel the attendance of witnesses in his behalf, and to appear and defend, in person and with counsel. No person shall be twice put in jeopardy for the same offense; nor be compelled, in any criminal case, to be a witness against himself; *nor be deprived of life, liberty, or* property without due process of law; . . ." (Italics added.)

The United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

Section 1382 of the Penal Code provides in part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

"  .    .    .    .    .    .    .    .    .    .    .    .

"2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court, within 60 days after such mistrial has been declared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court; except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the

defendant or with his consent, express or implied, or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter.''

The appellant asserts that section 1382 of the Penal Code is not applicable to the situation here presented, that section 686, subdivision 1 of the Penal Code and the constitutional requirements are the only provisions of the law which apply. Appellant argues that section 1382 makes no reference to habeas corpus proceedings and therefore it is not pertinent and that in any event no remittitur was filed in the trial court in this case. Section 686, subdivision 1 provides that defendant is entitled to a ''speedy and public trial.''

It is to be noted that this whole matter (including the proceedings with reference to the habeas corpus writ) comes about because of the careless and slovenly practice of the prosecutor in the first instance in 1963. It would have been a simple matter under the circumstances at that time to secure certified copies of the judgments in the prior cases and to introduce them into evidence or attach them to the probation report. The prosecution apparently did neither. Indeed the record seems to indicate that the matter of the priors was forgotten at first and defendant's counsel left the courtroom after defendant was sentenced. Counsel was called back to the courtroom and the priors were found to be true—upon what evidence, the record in this court is silent. In fact it is not even shown that the defendant was in the courtroom at the time. In short respondent was sentenced to a term of not less than 15 years to life on what in effect is no credible evidence at all insofar as the priors were concerned, and the priors are what increased the penalty to the term above stated. After spending almost five years in prison and after other proceedings had failed, respondent sought the writ of habeas corpus and the same was granted.

We believe it is unnecessary to base our determination in this case upon the statute—section 1382 of the Penal Code. True it is, that the writ of habeas corpus is not mentioned therein but clearly the Legislature did not intend by omitting to mention such writ in the provisions of that section to mean that when a defendant is ordered released under a writ of habeas corpus and sent back for a trial or a hearing that there is no time limit imposed upon the prosecution and that if

there is a time limit it is at least twice what the statute sets forth —namely 120 days.

In *Ford* v. *Superior Court,* 17 Cal.App.1, the court in referring to section 1382 said at pp. 4-5 [118 P. 96] : " 'The statute is a construction of the constitutional provision so far as to indicate what is a reasonable time within which the case should be brought to trial in order that the constitutional guaranty may be kept; and it may be fairly interpreted to mean that this guaranty is violated whenever sixty days is allowed to elapse without a trial, there being no good reason for delay and the defendant not consenting thereto. . . . It is sufficient for the defendant, in order to make out his case upon a motion for a dismissal in the trial court, to show that he has been detained without a trial for more than sixty days. Upon such showing the court should dismiss the case unless good cause for detaining the defendant and for continuing the prosecution is shown on behalf of the people. There is no presumption in such case, at least in the trial court, that the court has acted regularly or that good cause in fact exists. It is well to remember that this case involves fundamental rights and is of universal interest. Around those rights the English have waged their great battle for liberty. Without the narration of the conflicts to which they have given rise the history of the English people would be a dull affair. The right of the government with reference to persons accused of crime has been, and is yet, a matter of grave consideration. It led to the agitation which wrung from power the Great Charter, the Petition of Right and the *Habeas Corpus* Act. All the great achievements in favor of individual liberty of which the English people are so justly proud may be said to have come through contests over the rights of persons imprisoned for supposed crime.' "

And in *People* v. *Angelopoulos,* 30 Cal.App.2d 538, 544-545 [86 P.2d 873], it is stated: "It is not necessary for the defendant to affirmatively show that he was prejudiced by a continuance of trial beyond the sixty-day period prescribed by statute. The constitutional provision and section 1382 of the Penal Code absolutely guarantee an accused person a speedy trial unless good cause for denying it is first shown. Prejudice to the defendant is presumed from the violation of that guaranty. The burden is on the prosecution to show good cause for the delay when a motion for dismissal of the action is made on that account. [Citation.]"

The prosecution in this case asserts that no remittitur was

received. That is true because the Court of Appeal does not send down a remittitur in habeas corpus proceedings nor does the Supreme Court and this has been true for at least one hundred years. In any event it is clear that the prosecution was not awaiting a remittitur before proceeding to arraign respondent, for at the argument in the trial court admittedly no one seemed to know whether a remittitur was or was not required. In any event we cannot believe that respondent's rights are to be determined upon any tenuous showing as to whether the clerk of the Court of Appeal performed his duty; even if they are, it still is presumed (there being nothing to the contrary in the record in this court) that official duty has been performed.

The Attorney General is the chief law officer of the state and it is his duty to see that the laws of the state are adequately enforced; he has direct supervision over every district attorney and such other law enforcement officers as designated by law in all matters pertaining to the duty of their respective offices—he has charge, as attorney, of all legal matters in which the state is interested. A speedy trial requires prompt action upon the part of all who are officially concerned, at the least to the extent that adjudication of a defendant's rights shall not be stifled by the procrastination of officials. Not one word of explanation was ever produced by the prosecution as to the reason for the extended delays. Under the facts of this case the prosecution in less than half a day could have secured the necessary certified copies of the prior San Bernardino County judgments and the necessary proof to establish that respondent here and the defendant in the prior cases was one and the same person. In short the prosecution in this situation was only required to secure some documentary evidence which was readily available. There could have been no problem about absent witnesses, congested calendar, or unavailability of interested persons, nor is it intimated or suggested that there was any such problem.

It is projected, however that the proceedings called for in this case, were not instituted with reasonable, or indeed with any, diligence.

The charge of the prior convictions was filed after the respondent pleaded guilty to a lesser included offense as charged in the information. He was entitled to be arraigned on the priors and to a speedy trial as to the truth or falsity of such charges. He received neither. Years later the Court of Appeal ordered in effect that he be properly arraigned and

brought to trial under the charged prior convictions. Neither the trial court nor the prosecution did anything about it until about 122 days passed as heretofore set forth. Once the priors were filed (and here they were filed in 1963) respondent was entitled to have a speedy trial thereon. The provisions of the Constitution are self-executing—it is no mere technicality to have a speedy trial.

The term "speedy trial" is necessarily relative and depends upon the circumstances in each case. We can conceive of a case where there might be legitimate, extended delays but none are in sight in this matter. It would seem clear that a "speedy trial" should be held as soon after the indictment or charge has been made as reasonably can be done, and that a defendant is not required to remain under the cloud of an *unliquidated* criminal charge for an indeterminate period because of the listlessness, or total lack of interest of the prosecution.

We are persuaded that under the circumstances the trial court properly determined the matter.

The orders appealed from are and each of the same is affirmed.

Lillie J., and Thompson, J., concurred.