[Crim. No. 1307.   Fourth Dist.   May 21, 1957.]

THE PEOPLE, Respondent, v. GEORGE LAVENDERA, Appellant.

Buttermore & Lightner for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MUSSELL, J.—On December 3, 1956, an information was filed in San Diego County charging that on or about the 12th day of June, 1956, the defendant, George Lavendera, did wilfully, fraudulently and feloniously make, utter, publish and pass a certain fictitious check (Pen. Code, § 476). The information also contained the following allegation:

"PRIOR: That before the commission of the offense hereinbefore set forth in this information, said defendant George Lavendera was, in the Superior Court of the State of California, in and for the county of Los Angeles, convicted of the crime of Escape from Industrial Farm, a felony, and the judgment of said court against said defendant in said connection was, on or about the 27th day of June, 1951, pronounced and rendered, and said defendant served a term of imprisonment therefor in the State Prison, at San Quentin, California, as No. A-18324."

The defendant, who is now serving a term of imprisonment in the state prison upon a conviction in Los Angeles county for forgery committed in 1954, was returned to San Diego for trial on the San Diego information under the provisions of section 1381 of the Penal Code. On December 5, 1956, defendant appeared in the superior court in San Diego and entered a plea of guilty to the crime of uttering a fictitious check, a violation of section 476 of the Penal Code, and upon being asked by the clerk of the court whether he admitted or denied "one prior conviction of felony," replied "Deny." Defendant's counsel then stated:

"Your Honor, on that the reason I advised Mr. Lavendera to deny it is a mere technicality. This prior charged is the prior felony of escape and the facts as alleged in the prior are he was an inmate at a County Honor Camp or Industrial Farm and it was a misdemeanor at the time. In 1951 the law was that an escape from a confinement for a misdemeanor is a felony, but it subsequently has been changed and the section on that is 4532 and there is now an express provision that a conviction of violation of this subdivision not by force or violence should not be charged as a prior felony, so the only question would be whether or not this particular one comes within the provisions of the amendment of 4532."

After some further discussion between the court and counsel, the court said, "Well, I will find it to be a felony, then, having a prior conviction." The clerk then made the following statement to the defendant:

"George Lavendera, you have heretofore been charged in an information filed by the District Attorney of this County charging you with one count of uttering a fictitious check and one prior conviction of felony, to which you have this date entered a plea of guilty to the one count and denied the prior. This being the time for arraignment for judgment, have you any legal cause to show why judgment should not be pronounced?"

Defendant's counsel then replied, "No legal cause" and the court pronounced sentence that the defendant be confined to the state prison of the State of California for the term prescribed by law and it was further ordered that the sentence run consecutive with the term "you are now serving in Chino." These proceedings were reported and the record thereof was certified by the official court reporter and the court and are set forth in full in the clerk's transcript.

It is apparent therefrom that the defendant denied the prior conviction. Under such circumstances it was necessary that the question of whether or not he had suffered a previous conviction as alleged be tried by a jury or court unless a jury was waived. (Pen. Code, § 969½.) Where, as here, a prior conviction was denied by the defendant it was necessary to prove such conviction. This is usually done by the introduction in evidence of the records or copies of the records of any state penitentiary, reformatory, county jail, city jail, or federal penitentiary in which such person has been imprisoned, when such records or copies thereof have been certified by the official custodian of such records. (Pen. Code, § 969b.) There was no evidence introduced in the instant case upon which a finding could be made that the defendant had suffered a prior conviction as alleged.

Section 4532 of the Penal Code provides that every person who escapes from an industrial farm is guilty of a felony and if such escape or attempt to escape was not by force or violence, is punishable by imprisonment in the state prison for not less than six months nor more than five years, regardless of any prior convictions, or in the county jail not exceeding one year; provided, however, that if such escape or attempt to escape is by force or violence, such person is guilty of a felony and is punishable by imprisonment in the state prison not exceeding 10 years, or in the county jail not exceeding one year; provided, that when said second term of imprisonment is to be served in the county jail it shall commence from the time such prisoner would otherwise have been dis-

charged from said jail, and that a conviction of violation of this subdivision, not by force or violence, shall not be charged as a prior felony conviction in any subsequent prosecution for a public offense. The last paragraph of subdivision (a) of said section, providing that a conviction of a violation of the subdivision, not by force or violence, shall not be charged as a prior conviction in any prosecution for a public offense was added by the Legislature in 1955. (Stats. 1955, ch. 585, p. 1079, § 1.)

The prior conviction alleged herein was not an element of the substantive offense (Pen. Code, § 476) and the validity or finality of the judgment of conviction of the substantive offense is not here involved. (*In re McVickers*, 29 Cal.2d 264, 270-271 [176 P.2d 40].) The determination of whether the defendant was guilty of a prior conviction relates only to the length of the term of his imprisonment and the right to parole, and under the provisions of section 4532 of the Penal Code, the escape described in the information cannot be alleged therein if such escape was not by force or violence. We are here dealing with the punishment which can be imposed for the crime charged in the information and not with the penalty imposed in the escape case. No evidence was introduced in the instant action as to whether the escape charged was effected with or without force or violence and the defendant is entitled to a determination of this question. If it is established that said escape was not by force or violence, it follows that the prior conviction cannot be alleged in the information as a prior felony conviction.

The punishment imposed for a violation of Penal Code, section 476, may be by imprisonment in the county jail for not more than one year or in the state prison for not more than 14 years. It therefore appears that the determination of whether the defendant can be charged with the prior conviction alleged may have some bearing on the question of the punishment to be prescribed for violation of Penal Code, section 476. We therefore conclude that the defendant should be resentenced after a hearing had and findings made on the questions presented by the allegation in the information respecting his prior conviction. The cause is remanded to the superior court of San Diego County for a further hearing on and a determination of these issues and to determine the punishment to be prescribed for the violation of Penal Code, section 476.

The judgment of conviction of a violation of section 476 of

the Penal Code is affirmed and the provision of the judgment and commitment prescribing the punishment to be imposed on the defendant is reversed.

Barnard, P. J., and Griffin, J., concurred.