[No. F015362. Fifth Dist. July 7, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ANTHONY SARBER, Defendant and Appellant.

## Counsel

David J. Briggs, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General,

Edmund D. McMurray and Edgar A. Kerry, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE (W. A.), J.**—Michael Sarber's appeal pertains only to his 1990 conviction of possession of a concealable firearm by a convicted felon (Pen. Code,[1] § 12021, subd. (a)). His prior conviction was for a felony escape in 1987 following a misdemeanor conviction for receiving stolen property. (§ 4532, subd. (a).) Section 4532, subdivision (a) proscribes escape (or attempted escape) by a prisoner being held for a misdemeanor; subdivision (b) proscribes escape (or attempted escape) by a prisoner being held for a felony.[2] The sentence for an escape-related offense under the statute depends upon (1) the magnitude of the offense under the statute for which the prisoner was initially confined and (2) whether the escape was achieved by force or violence.

The last paragraph of section 4532, subdivision (a), added by amendment in 1955, pertains to escape following a misdemeanor conviction. It is the focus of the discussion here and provides:

"A conviction of violation of this subdivision, not by force or violence, shall not be charged as a prior felony conviction in any subsequent prosecution for a public offense."

Sarber argues this paragraph "contradicts" the language in section 12021, subdivision (a) which made it unlawful for "[a]ny person who has been convicted of a felony under the laws . . . of the State of California" to possess a concealable firearm.[3] Taken together, he asserts the statutes are "ambiguous." Since there is no evidence to support a finding the escape resulting in his 1988 felony conviction pursuant to section 4532, subdivision (a) was effected by force or violence, he contends the ambiguity should be resolved in his favor and the judgment imposed for violation of section 12021, subdivision (a), must be reversed.[4]

The trial court denied Sarber's section 1118 motion to dismiss the charge of possession of a concealable weapon by a convicted felon. It reasoned the

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

[2]Further reference to the escapes proscribed by this statute include attempted escapes.

[3]The conduct leading to the conviction of a violation of section 12021, subdivision (a) occurred in 1989, prior to the effective date of a 1989 amendment to the statute which deleted the provision requiring the weapon be capable of being concealed upon the person.

[4]It appears Sarber's argument is when a statute is susceptible of more than one reasonable interpretation, the court must adopt the interpretation that favors the defendant. (*In re Tartar* (1959) 52 Cal.2d 250, 256-257 [339 P.2d 553].) However, an interpretation contrary to

limiting language in section 4532, subdivision (a), does not apply when a prior felony conviction is used, not to add an enhancement, but to establish an element of the offense in a subsequent prosecution.

## DISCUSSION

■ In attempting to ascertain the probable intent of the Legislature in enacting the 1955 amendment, we keep in mind the fundamental purpose of statutory construction is to ascertain the intent of the lawmakers in order to carry out the purpose of the law. We examine the language of the statute with reference to the relevant scheme of law of which it is a part so the whole may be harmonized and retain its effectiveness. (*People* v. *Pieters* (1991) 52 Cal.3d 894, 898-899 [276 Cal.Rptr. 918, 802 P.2d 420].)

Assembly Bill No. 2285 was the vehicle for the 1955 amendment to section 4532.[5] The amendment divided the statute into subdivisions (a) (dealing with, as further amended in 1955, a prisoner "formally" charged with or convicted of a misdemeanor who "thereafter" escapes) and (b) (dealing with a prisoner charged with or convicted of a felony who escapes). The amendment further added the paragraph in question here as the second paragraph of subdivision (a).

legislative intent and contrary to the plain and ordinary meaning of the statute is unreasonable; under such circumstances, a defendant is not entitled to the benefit of an ambiguity created by an unreasonable interpretation. (*People* v. *Martin* (1989) 211 Cal.App.3d 699, 712 [259 Cal.Rptr. 770, 86 A.L.R. 4th 383]; *People* v. *Davis* (1985) 166 Cal.App.3d 760, 766 [212 Cal.Rptr. 673].)

[5]*Prior* to the effective date of the 1955 amendment, section 4532 read:

"Every prisoner charged with or convicted of a misdemeanor who is confined in any county or city jail or prison or industrial farm or industrial road camp or who is engaged on any county road or other county work or who is in the lawful custody of any officer or person, who escapes or attempts to escape from such county or city jail, prison, industrial farm or industrial road camp or from the custody of the officer or person in charge of him while engaged on or going to or returning from such county work or from the custody of any officer or person in whose lawful custody he is, is guilty of a misdemeanor; provided, however, that if such escape or attempt to escape is by force or violence, such person is guilty of a felony and is punishable by imprisonment in the state prison not exceeding 10 years, or in the county jail not exceeding one year; provided, that when said second term of imprisonment is to be served in the county jail it shall commence from the time such prisoner would otherwise have been discharged from said jail. Every prisoner charged with or convicted of a felony who is confined in any county or city jail or prison or industrial farm or industrial road camp or who is engaged on any county road or other county work or who is in the lawful custody of any officer or person, who escapes or attempts to escape from such county or city jail, prison, industrial farm or industrial road camp or from the custody of the officer or person in charge of him while engaged on or going to or returning from such county work or from the custody of any officer or person in whose lawful custody he is, is guilty of a felony and is punishable by imprisonment in the state prison not exceeding 10 years, or in the county jail not exceeding one year; provided, that when said second term of imprisonment is to be served in the county jail it shall commence from the time such prisoner would otherwise have been discharged from said jail."

The only substantive changes brought about by the 1955 amendment were to subdivision (a), dealing with misdemeanants. In addition to narrowing the class of eligible misdemeanants, the amendment escalated any conviction under subdivision (a) to a felony, whether or not force or violence was used in accomplishing an escape. If the felony escape by a misdemeanant did not involve force or violence, the 1955 amendment made such a conviction "punishable by imprisonment in the state prison for not less than six months nor more than five years, regardless of any prior convictions, or in the county jail not exceeding one year; . . ." If the escape under subdivision (a) was effected by force or violence, the punishment remained "imprisonment in the state prison not exceeding 10 years, or in the county jail not exceeding one year; . . ."

Viewing the 1955 amendment pertaining to escapes by misdemeanants as a whole, a reasonable interpretation is that while the Legislature desired to increase the status (felony) and potential maximum punishment (state prison) for what formerly would have been a nonviolent misdemeanor escape, it did not wish to allow nonviolent escape offenses by misdemeanants to be charged independently and punished at a later date as prior felony convictions.

As proscribed in section 4532, escape comprehends a multitude of sins.[6] "Read as a whole, section 4532 indicates a legislative intent to deter and punish escapes by prisoners who have been 'arrested and booked for, charged with, or convicted of' any crime greater than an infraction. [Citation.]" (*People* v. *Davis, supra,* 166 Cal.App.3d at p. 765; *People* v. *Diaz* (1978) 22 Cal.3d 712, 716 [150 Cal.Rptr. 471, 586 P.2d 952].) In an attempt to draw relevant differences, the Legislature has drawn a distinction for punishment purposes between simple and forcible escapes by misdemeanants as well as simple and forcible escapes by felons, based upon the seriousness of the offense for which the escapee was originally confined (see § 4532, subds. (a) & (b)). (*People* v. *Davis, supra,* 166 Cal.App.3d at p. 765.)[7]

We conclude it is reasonable that the Legislature in 1955, for the purpose of charging a later prior felony conviction enhancement based upon the

[6]"As our Supreme Court stated, section 4532 'applies to the man who is tardy in returning from a work furlough as well as to the man who obtains a contraband weapon and decides to shoot his way out of jail. It applies to the committed inebriate who wanders off from a county road job in search of drink as well as to the desperate felon who seizes a hostage in order to bargain for his freedom. It applies to those who . . . fashion a rope from blankets, climb down it, and steal into the woods as well as to those who strangle a guard to obtain his key.' (*People* v. *Lopez* (1971) 6 Cal.3d 45, 51 . . . .)" (*People* v. *Lozano* (1987) 192 Cal.App.3d 618, 626 [237 Cal.Rptr. 612].)

[7]Similarly, courts have drawn a distinction between simple and forcible escape in determining what felonies are or are not inherently dangerous to human life for purposes of implementation of the second degree felony-murder rule. (*People* v. *Lynn* (1971) 16

escape, further distinguished between those misdemeanants who escape by force or violence and those who escape without force or violence. To that end subdivision (a) provides the potential for future, additional punishment for misdemeanants who escape by force or violence. This potential for additional future punishment serves to further enhance the purpose of the statute: to deter unauthorized departures from custody, *especially* those involving the use of force or violence. (*People* v. *Lozano, supra,* 192 Cal.App.3d at p. 627; *People* v. *Davis, supra,* 166 Cal.App.3d at pp. 767-768.)

Sarber cites *People* v. *Lavendera* (1957) 151 Cal.App.2d 205 [311 P.2d 105], in which the defendant was charged with passing a fictitious check in 1956. In addition, the information also contained an allegation that read: " 'PRIOR: That before the commission of the offense . . . defendant . . . was . . . convicted of the crime of Escape from Industrial Farm, a felony, . . . and said defendant served a term . . . in the State Prison, . . .' " (*Id.* at p. 206.) Lavendera pled guilty to the uttering charge but denied " 'one prior conviction of felony' " for the reason that subsequent to his 1951 escape from confinement on a misdemeanor, section 4532 was amended to read that escape from confinement for a misdemeanor " 'not by force or violence should not be charged as a prior felony, . . .' "[8] Counsel questioned whether the 1951 escape came within the provisions of the post-1951 amendment, but the court found the 1951 escape to be " '. . . a felony, then, having a prior conviction.' " (151 Cal.App.2d at p. 206.)

In light of the defendant's denial of the allegation, the *Lavendera* court determined the trial court erred in failing to try the question of defendant's previous felony conviction. (See *People* v. *Guaracha* (1969) 272 Cal.App.2d 839, 843 [77 Cal.Rptr. 695], citing *Lavendera.*) Pertinent here is the following observation by the reviewing court:

"The prior conviction alleged herein was not an element of the substantive offense [uttering a fictitious check] and the validity or finality of the judgment of conviction of the substantive offense is not here involved. [Citation.]" (*People* v. *Lavendera, supra,* 151 Cal.App.2d at p. 208.) The

Cal.App.3d 259, 269-270, fn. 9 [94 Cal.Rptr. 16] [forcible escape a felony inherently dangerous to human life]; *People* v. *Lopez* (1971) 6 Cal.3d 45, 51 [489 P.2d 1372] [simple escape not a felony inherently dangerous to human life].)

[8]In 1951, section 4532 provided, inter alia, every prisoner, charged with or convicted of a felony or misdemeanor, who escaped from confinement was guilty of a felony. If force or violence was used in effecting the escape, a greater maximum term of imprisonment was provided. (*People* v. *Lavendera, supra,* 151 Cal.App.2d at pp. 207-208; Historical Note, 51B West's Ann. Pen. Code (1982 ed.) § 4532, p. 524.)

court discussed the 1951 conviction in light of the 1955 addition to section 4532 of the paragraph in question here and commented no evidence had been introduced about whether the 1951 escape had been effected with or without force or violence. It stated defendant was entitled to a determination of that question. "If it is established that said escape was not by force or violence, it follows that the prior conviction cannot be alleged in the information as a prior felony conviction." (*People* v. *Lavendera*, *supra*, 151 Cal.App.2d at p. 208.)

The instant case is distinguishable from *Lavendera* because the felony escape was not "charged" as a separate, punishable, "prior felony conviction" (§ 4532, subd. (a)). "[C]harged as a prior felony conviction" (§ 4532, subd. (a)) is a term of art; it refers to charging the conviction as a sentence enhancement. Here, the prior felony conviction was alleged in the context of a necessary element of the charged offense of possession of a concealable weapon by a convicted *felon*. The felony escape established Sarber's felony status.

Unlike the requirement that the defendant have been previously convicted of a felony (here Sarber's 1988 escape conviction), the use of force or violence in effecting the escape is not an element of the offense charged, to wit, possession of a concealable firearm by a convicted felon. (CALJIC No. 12.43 (5th ed. 1988 bound vol.) [Concealable Firearm—Possession by Person Convicted of a Felony—*No Stipulation of Status*].) (Cf. *People* v. *Hall* (1980) 28 Cal.3d 143, 151-157 [166 Cal.Rptr. 844, 616 P.2d 826].)

The trial court did not err.

### DISPOSITION

Judgment affirmed.

Best, P. J., and Ardaiz, J., concurred.