[Crim. No. 10736.    Second Dist., Div. Three.    Dec. 16, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JACK ALBERT RAY, Defendant and Appellant.

Bertram H. Ross, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

KAUS, J.—A complaint charging defendant with three felonies was filed in the Municipal Court of the Los Angeles Judicial District and he pleaded guilty to each count in the municipal court. (Pen. Code, § 859a.) The case was certified to the superior court. On June 26, 1964, the People moved to amend the complaint to charge two prior felony convictions. No reporter's transcript for the proceedings on that day is before us, but the minutes appearing in the clerk's transcript read as follows: "On motion of People, amendment to information [sic] is filed, charging allegation of two priors. Defendant waives arraignment on amendment. Defendant denies priors. Further proceedings and disposition of priors continued to July 10, 1964, at 9 :00 a.m."

On July 10, there was a hearing in the superior court at which time a probation report was apparently before the court. At that hearing the deputy district attorney offered certified copies of the prior convictions in evidence and after some discussion involving principally the propriety of charging the prior convictions, the copies were apparently received and the court found the priors to be "good." After a referral to the psychiatric department defendant was sentenced to the state prison on January 8, 1965, probation being denied.

Appointed counsel in his brief says: "We have read, reread and re-re-read the Reporter's Transcript consisting of eight pages and can find no evidence within those eight pages to indicate any evidence having been offered to the court concerning the prior convictions nor can we find a waiver of jury trial in connection with said priors."

We have read the transcript and the superior court file which we have ordered transmitted to us pursuant to rule 12* and we agree that there is no indication that defendant personally or by his counsel waived his right to trial by jury on the two prior convictions. Section 969½ of the Penal Code clearly gives him such a right. The cases cited by the Attorney General, *People* v. *Russell,* 195 Cal.App.2d 529 [16 Cal.Rptr. 9] and *People* v. *Romo,* 200 Cal.App.2d 83 [19 Cal.Rptr. 179] do not stand for the proposition that a person who has pleaded guilty in the municipal court has waived his right to a trial by jury on allegations of prior convictions made later in the superior court. Indeed, if they so held, they would be directly contrary to section 969½ of the Penal Code. All that they do hold is that a defendant who waives a jury trial at the inception of a trial, waives it as to all of the issues in the case (*People* v. *Russell, supra*) and that, a right to jury trial having been waived, the court need not make a finding on prior convictions at the same time as it finds defendant guilty of the main offense. (*People* v. *Romo, supra.*)

That part of the judgment finding the prior convictions to be true and imposing sentence is reversed and the cause is remanded to the trial court with directions to try the issue of the prior convictions according to law and to resentence defendant after the conclusion of such limited new trial.

Shinn, P. J., and Ford, J., concurred.

*Cal. Rules of Court.