[No. S031326. May 1, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE BASILIO VERA, Defendant and Appellant.

**COUNSEL**

Corinne S. Shulman, under appointment by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Janelle B. Davis, Holly D. Wilkins, Garrett Beaumont and Frederick R. Millar, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

Kent S. Scheidegger and Charles L. Hobson as Amici Curiae on behalf of Plaintiff and Respondent.

**OPINION**

**BROWN, J.**—Penal Code section 667.5, subdivision (b) provides that the sentence imposed on any person convicted of a felony must be enhanced by

one year for each prior prison term alleged and proven by the prosecution. A criminal defendant has the statutory right to have a jury determine the truth of an allegation that the accused suffered a prior felony conviction and prison term. (Pen. Code, §§ 1025, 1158; all further statutory references are to this code; *People* v. *Casarez* (1981) 124 Cal.App.3d 641, 646-647 [177 Cal.Rptr. 451]; see, e.g., *People* v. *Arias* (1996) 13 Cal.4th 92, 173-174 [51 Cal.Rptr.2d 770, 913 P.2d 980].)

Defendant seeks review of the Court of Appeal's decision in this case. He contends that the trial court's failure to obtain an express, personal waiver of his right to jury trial before conducting a court trial on the prior prison term allegations was reversible per se, and not subject to the harmless error analysis employed by the Court of Appeal.

Defendant's argument presupposes the Court of Appeal properly considered the merits of his claim of error but reached the wrong conclusion. As the record in this case demonstrates, however, the appellate court erred by entertaining defendant's claim, but reached the correct result.

Defendant did not object to the discharge of the jury that determined his guilt of the charged offenses. Nor did defendant raise an objection to the commencement of court trial of the prior prison term allegations, or otherwise bring to the trial court's attention its failure to obtain defendant's express, personal waiver of jury trial. Under well-settled principles of appellate procedure, defendant's failure to object in the trial court precludes him from raising the claim for the first time on appeal. (Cf. *People* v. *Saunders* (1993) 5 Cal.4th 580, 589-592 [20 Cal.Rptr.2d 638, 853 P.2d 1093] (hereafter *Saunders*).)

Thus, the Court of Appeal misconceived a significant threshold issue which, under this court's recent precedents, appears dispositive. Nonetheless, the court upheld the trial court's determination, and its judgment is therefore affirmed. (See *Davey* v. *Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117] [decision that is correct but for wrong reason not to be disturbed on appeal].)

## I. *Procedural Background*

Over a 10-day period, defendant committed a series of violent crimes, forcing himself into his victims' cars and robbing them at knife point. He was charged in an amended, multicount information with three counts of robbery (§§ 211, 212.5, subd. (a), 213, subd. (a)(2)), three counts of kidnapping for the purpose of robbery (§ 209, subd. (b)), and one count of grand

theft auto (§ 487.3). It was also alleged defendant used a knife in the commission of each count (§ 12022, subd. (b)), and defendant served two prior prison terms. (§ 667.5, subd. (b).) Defendant pled not guilty to the charged crimes and denied the sentence enhancement allegations.

The trial court granted defendant's request to bifurcate trial of the prior prison terms from trial on the substantive crimes. The substantive crimes were tried by jury. At the time of the bifurcation motion, defense counsel said to the court, "[I] have discussed with [defendant] his option of having a jury or nonjury trial on those prior convictions, and he indicates to me that he is in fact going to waive the right to a jury trial on the prior convictions in the event that he is convicted on the case in chief " and would "allow the court to hear those as a court trial." The court responded, "All right. We can take that issue up later." Defendant did not personally waive his right to jury trial on the prior prison term allegations.

The jury returned a verdict of guilty on all counts except grand theft auto. On that count, the jury found defendant guilty of the lesser included offense of driving and taking a vehicle in violation of Vehicle Code section 10851 instead. The jury also found the knife-use allegations true. The trial court discharged the jury. Defendant then agreed to continue trial on the prior prison term allegations until the day of sentencing. Before the matter was continued, however, defense counsel asked defendant in open court, "Mr. Vera, you realize you have a right to . . . have the trial on your priors held today, and have your sentencing today?" Defendant replied that he did. Defense counsel then inquired, "You are willing to give up the right to have all that done today and agree that it can be done on [the same date as your sentencing]?" Defendant again responded affirmatively.

The prior prison term allegations were tried to the court on the date originally scheduled for sentencing. Defendant did not object to the commencement of court trial. Both sides waived argument, and, having reviewed the People's documentary exhibits relating to defendant's prior convictions and prison terms, the court found the allegations true. Defendant was sentenced to a determinate term totaling seven years, which included one-year enhancements for each of the two prior prison terms, plus an indeterminate term of life with the possibility of parole.

Defendant appealed, raising a variety of claims. In relevant part, defendant contended that the trial court's finding he suffered two prior prison terms must be stricken because he did not waive his right to jury trial.

The Court of Appeal determined the trial court's failure to obtain an express, personal waiver from defendant was error, but that the error was

harmless beyond a reasonable doubt. Rejecting the remainder of defendant's contentions, the Court of Appeal affirmed the trial court's judgment imposing two 1-year sentence enhancements for two prior prison terms, modified defendant's sentence by staying the imposition of sentence on one count of kidnapping, and otherwise affirmed the conviction.

## II. *Discussion*

 Defendant claimed on appeal that the trial court erred when it conducted a court trial on the truth of the prior prison term allegations without first obtaining an express, personal waiver of his right to jury trial. As this court's decision in *People* v. *Wiley* (1995) 9 Cal.4th 580, 589 [38 Cal.Rptr.2d 347, 889 P.2d 541] (hereafter *Wiley*), makes clear, a defendant's right to have a jury determine the truth of the prior conviction allegation is derived from statute. Thus, defendant asserts a violation of his state-created right to have the truth of the prior conviction allegations tried by a jury "or by the court if a jury is waived." (§ 1025; see also § 1158 [if defendant found guilty of charged offense, jury, or judge if jury trial is waived, must find whether defendant suffered previous conviction]; cf. § 969½ [if complaint amended to include allegations of prior convictions after defendant pleads guilty to charged offense, and if allegation of prior felony is denied, question must be tried by a jury unless a jury is waived].)[1]

In *Saunders*, *supra*, 5 Cal.4th 580, this court reviewed a defendant's claim that the trial court violated section 1025 by discharging the jury after it found the defendant guilty of the substantive offense but before the jurors had determined the truth of the prior conviction allegations. We concluded the defendant's failure to alert the trial court by making a timely objection precluded the claim on appeal. (*Saunders*, *supra*, at p. 589.) Defendant is similarly precluded from asserting his claim of an ineffectual jury waiver under the same statutory scheme.

---

[1]Section 1025 states in relevant part: "When a defendant who is charged in the accusatory pleading with having suffered a previous conviction pleads either guilty or not guilty of the offense charged against him, he must be asked whether he has suffered such previous conviction. If he answers that he has, his answer must be entered in the minutes of the court, and must, unless withdrawn by consent of the court, be conclusive of the fact of his having suffered such previous conviction in all subsequent proceedings. If he answers that he has not, his answer must be entered in the minutes of the court, and the question whether or not he has suffered such previous conviction must be tried by the jury which tries the issue upon the plea of not guilty, or in case of a plea of guilty, by a jury impaneled for that purpose, or by the court if a jury is waived. . . ."

Section 1158 provides in relevant part: "Whenever the fact of a previous conviction of another offense is charged in an accusatory pleading, and the defendant is found guilty of the offense with which he is charged, the jury, or the judge if a jury trial is waived, must unless the answer of the defendant admits such previous conviction, find whether or not he has suffered such previous conviction. . . ."

The defendant in *Saunders* pleaded not guilty to the charged offenses, and denied the allegations of a prior felony conviction and prison term. The issue of the prior convictions was bifurcated from trial on the substantive offenses. The jury returned a verdict of guilt on one of the substantive crimes and acquitted the defendant of the remaining charges. The trial court discharged the jury and continued the matter to the next day. (*Saunders, supra*, 5 Cal.4th at p. 586.)

When the proceedings resumed the following day, the court indicated its understanding, confirmed by defense counsel, that defendant wished to waive the right to jury trial on the prior conviction allegations. The court then obtained an express waiver of jury trial from the defendant. The prosecutor presented certified records of the defendant's prior convictions, and the truth of the allegations was submitted to the court. (*Saunders, supra*, 5 Cal.4th at p. 586.)

The next day, however, defense counsel stated that when she had advised the defendant to waive the right to jury trial of the prior conviction allegations, she was unaware that the jury had been discharged. She claimed that had she known of the jury's discharge, she would not have advised her client to waive jury trial. To remedy the situation, the trial court permitted the defendant to withdraw his waiver, and a new jury was impaneled. The jury found true each of the prior conviction allegations. (*Saunders, supra*, 5 Cal.4th at pp. 586-587.)

As the court in *Saunders, supra*, recognized, the trial court's discharge of the first jury before that jury had determined the truth of the prior conviction allegations constituted a violation of sections 1025 and 1164.[2] (5 Cal.4th at p. 589.) *Saunders* also pointed out, however, that the defendant failed to bring this error to the trial court's attention by a timely objection to the discharge of the first jury. (*Ibid.*) Therefore, the court concluded, the defendant may not complain on appeal of a departure from the statutory requirement that the same jury determine his guilt and the truth of the prior conviction allegations. (*Id.* at p. 590.)

■ In reaching this conclusion, *Saunders* applied the well-established procedural principle that, with certain exceptions, an appellate court will not consider claims of error that could have been—but were not—raised in the trial court. (*Saunders, supra*, 5 Cal.4th at pp. 589-590.) *Saunders* emphasized

---

[2]Section 1164, subdivision (b) states: "No jury shall be discharged until the court has verified on the record that the jury has either reached a verdict or has formally declared its inability to reach a verdict on all issues before it, including, but not limited to, the degree of the crime or crimes charged, and the truth of any alleged prior conviction whether in the same proceeding or in a bifurcated proceeding."

the strong policy reasons for such a rule: It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. (*Id.* at p. 590; see also *People* v. *Scott* (1994) 9 Cal.4th 331, 353 [36 Cal.Rptr.2d 627, 885 P.2d 1040] [because defects are easily prevented or corrected if called to court's attention, such a rule will result in fewer errors and will preserve judicial resources necessary to correct them]; *People* v. *Walker* (1991) 54 Cal.3d 1013, 1023 [1 Cal.Rptr.2d 902, 819 P.2d 861] [purpose of rule is to encourage defendant to bring errors to trial court's attention for correction and fair trial].)

■ Like defendant's claim of an ineffectual waiver of the right to jury trial, the defendant's claim in *Saunders* asserted a violation of section 1025. Although the *Saunders* defendant claimed a denial of the right to the same jury rather than the right to jury trial, the distinction does not compel a different result. Both claims are based on an asserted violation of section 1025, the source of the right to jury trial of prior conviction allegations relating to sentencing. (*Wiley, supra,* 9 Cal.4th at p. 589.) ■ Section 1025 establishes a defendant's right to jury trial of alleged prior convictions by the same jury which determines guilt of the substantive offenses. The "same jury" provision reflects the statute's unitary trial procedure, and does not constitute a statutory entitlement separate from the jury trial right itself.

■ In both this case and *Saunders,* the trial court discharged the jury after receipt of the verdicts on the substantive crimes because it understood, *based on representations by defense counsel,* that the defendant wished to waive jury trial on the bifurcated prior conviction allegations. (*Saunders, supra,* 5 Cal.4th at p. 586.) If defendant wished jury trial rather than court trial of the sentencing allegations, he could have pointed out the trial court's misunderstanding before the court rendered its findings on the truth of the prior conviction allegations. The prior conviction allegations could have been properly tried to a jury impaneled for that purpose. (See *id.* at pp. 592-597 [no double jeopardy bar to impaneling second jury to determine truth of prior conviction allegations following return of guilty verdict in bifurcated proceeding].) As *Saunders* observes, the Legislature did not intend, in enacting section 1025, to create a "procedural trap" for an unwary trial court and prosecutor. (*Saunders, supra,* 5 Cal.4th at pp. 590-591.)

■ Not all claims of error are prohibited in the absence of a timely objection in the trial court. A defendant is not precluded from raising for the first time on appeal a claim asserting the deprivation of certain fundamental, constitutional rights. (See *Saunders, supra,* 5 Cal.4th at p. 592 [plea of once in jeopardy]; *People* v. *Holmes* (1960) 54 Cal.2d 442, 443-444 [5 Cal.Rptr.

871, 353 P.2d 583] [constitutional right to jury trial]; cf. *People* v. *Walker*, *supra*, 54 Cal.3d at pp. 1022-1023 [nonconstitutional nature of claim that trial court failed to advise of consequences of guilty plea subjects defendant's claim to rule that error is waived absent timely objection].) ██ However, defendant's claim of error was not preserved on this basis. As recent decisions of this court make clear, none of those state or federal constitutional claims that may be preserved are implicated by the alleged deprivation of the statutory right at issue in this case.

The right to have a jury determine the truth of a prior conviction allegation does not flow from the jury trial provision of article I, section 16 of the California Constitution or the Sixth Amendment of the United States Constitution. It is derived from statute. (*Wiley, supra*, 9 Cal.4th at pp. 585-586, 589.) In light of *Wiley*, defendant cannot claim he was deprived of the *constitutional* right to jury trial on the prior prison term allegations.

Nor can defendant assert a violation of the constitutional requirement that a jury trial waiver in a criminal proceeding be made "by the consent of both parties expressed in open court by the defendant and the defendant's counsel." (Cal. Const., art. I, § 16.) The failure to obtain a defendant's express waiver of the right to jury trial in a criminal prosecution constitutes a violation of the state constitutional mandate. (*People* v. *Ernst* (1994) 8 Cal.4th 441, 448 [34 Cal.Rptr.2d 238, 881 P.2d 298].) Where the whole cause—substantive offenses and sentencing allegations—is tried in a unitary proceeding, a constitutionally effective waiver of jury trial is required. (Cf. *People* v. *Berutko* (1969) 71 Cal.2d 84, 94 [77 Cal.Rptr. 217, 453 P.2d 721]; *People* v. *Zavaleta* (1960) 182 Cal.App.2d 422, 429-430 [6 Cal.Rptr. 166]; *People* v. *Ysabel* (1938) 28 Cal.App.2d 259, 263 [82 P.2d 476].) When the defendant seeks to bifurcate the determination of the truth of the prior conviction allegation from determination of the defendant's guilt of the charged crimes, however, only the statutory right to jury trial is implicated in the trial of the sentencing allegations. Since there is no constitutional right to have the jury determine the truth of a prior conviction allegation (*Wiley, supra*, 9 Cal.4th at pp. 586, 589), it follows that the failure to obtain an express, personal waiver of the right to jury trial of prior conviction allegations does not constitute a violation of the state constitutional mandate.

Defendant argues the protection afforded by the state constitutional requirement that jury trial be personally and expressly waived attaches whenever the Legislature grants a defendant the right to jury trial. Defendant insists there is no distinction between a right to jury trial created by statute and the right to jury trial that is constitutionally derived. We conclude the language and structure of the constitutional provision belie such an interpretation.

Article I, section 16 of the California Constitution declares "[t]rial by jury is an inviolate right and shall be secured to all, but in a civil cause three-fourths of the jury may render a verdict. A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel. In a civil cause a jury may be waived by the consent of the parties expressed as prescribed by statute." Read in context, the requirement of an express, personal jury trial waiver relates solely to the jury trial right guaranteed by the Constitution. Article I, section 16 provides for every citizen the right to jury trial. Although the right is "inviolate," the Constitution permits the waiver of a jury in any case, civil or criminal. The requirement that a defendant and defense counsel personally and expressly waive the right to jury trial describes the manner in which a criminal defendant who wishes to waive this "inviolate" right may do so, and constitutes the only method by which the constitutional right to jury trial may be waived in a criminal case. (See *People* v. *Ernst*, *supra*, 8 Cal.4th at p. 448.)

We are aware of no decision by a California court addressing the question whether the state constitutional requirement of an express, personal waiver of jury trial attaches to a nonconstitutional jury trial right. That the constitutional requirement relates solely to the jury trial right guaranteed by article I, section 16 of the California Constitution appears to be presumed. (Cf. *People* v. *Moreno* (1991) 228 Cal.App.3d 564, 573-579 [279 Cal.Rptr. 140] [concluding state constitutional jury trial clause does not guarantee jury trial of special circumstances allegations, and rejecting defendants' argument that failure to obtain waiver of jury trial of special circumstances allegations is reversible per se as violation of Cal. Const., article I, section 16].)

In sum, the deprivation of the statutory right to jury trial on the prior prison term allegations does not implicate the state or federal constitutional right to jury trial. Absent an objection to the discharge of the jury or commencement of court trial, defendant is precluded from asserting on appeal a claim of ineffectual waiver of the statutory right to jury trial of prior prison term allegations.

Although the Court of Appeal correctly recognized that defendant's claim of a violation of his statutory right to jury trial of the prior prison term allegations did not implicate the state or federal constitutional right to jury trial, the court determined nevertheless that defendant's claim was properly preserved on appeal. Relying on decisions involving an invalid waiver of the defendant's right to jury trial on a special circumstance allegation in a murder prosecution, the Court of Appeal invoked the rule of *Hicks* v. *Oklahoma* (1980) 447 U.S. 343 [100 S.Ct. 2227, 65 L.Ed.2d 175] (hereafter

*Hicks*), to conclude the deprivation of a statutory entitlement to jury trial implicates the federal due process clause. (Cf. *People* v. *Moreno, supra,* 228 Cal.App.3d at p. 573; *People* v. *Gastile* (1988) 205 Cal.App.3d 1376, 1382 [253 Cal.Rptr. 283].) Because objection in the trial court is not required to preserve a federal constitutional issue, the Court of Appeal reasoned, defendant could properly raise a claim of ineffectual waiver of the statutory right to jury trial for the first time on appeal.

The Court of Appeal's conclusion that defendant need not have objected in the trial court in order to preserve his claim on appeal because he was asserting a deprivation of federal due process is contrary to recent pronouncements by this court regarding the inapplicability of *Hicks* to similar circumstances. (*People* v. *Wims* (1995) 10 Cal.4th 293 [41 Cal.Rptr.2d 241, 895 P.2d 77], cert. den. __ U.S. __ [116 S.Ct. 927, 133 L.Ed.2d 855] (hereafter *Wims*).) Consistent with the reasoning in *Wims*, we conclude an asserted deprivation of the statutory right to have a jury determine the truth of a prior prison term allegation does not constitute a claim of federal constitutional dimension.

In *Wims*, the trial court committed error when it failed to instruct the jury on the elements of a sentence enhancement for use of a deadly and dangerous weapon alleged pursuant to section 12022, subdivision (b). (*Wims, supra,* 10 Cal.4th at pp. 302-303.) The defendants argued the error violated the federal Constitution. In rejecting the defendants' assertion of federal constitutional error, *Wims* specifically determined the trial court's error did not deprive the defendants of their rights under the due process clause of the Fourteenth Amendment. (*Wims, supra,* 10 Cal.4th at pp. 309-311.) The *Wims* court disagreed with the defendants' assertion that the error denied the defendants "a state-created liberty interest in the exercise of jury sentencing discretion in contravention of *Hicks* v. *Oklahoma*[, *supra,*] 447 U.S. 343 . . . ." (*Wims, supra,* 10 Cal.4th at p. 309.) In *Hicks*, the United States Supreme Court declared that where "a State has provided for the imposition of criminal punishment in the discretion of the trial jury, it is not correct to say that the defendant's interest in the exercise of that discretion is merely a matter of state procedural law. The defendant in such a case has a substantial and legitimate expectation that he will be deprived of liberty only to the extent determined by the jury in the exercise of its statutory discretion [citation], and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the States." (*Hicks, supra,* 447 U.S. at p. 346 [100 S.Ct. at p. 2229].)

The court in *Wims* found the rationale of *Hicks* inapplicable to California's statutory scheme for firearm-use sentence enhancements. As the court explained, "[d]efendants here suffered no deprivation of state-mandated jury

discretion analogous to that suffered by the defendants in *Hicks*. Defendants were not entitled under section 12022[, subdivision] (b) to jury sentencing *discretion*; at most they were entitled to a jury finding on whether the section 12022[, subdivision] (b) enhancement allegation was true." (*Wims, supra,* 10 Cal.4th at pp. 309-310.) *Wims* noted, moreover, that unlike the failure of both the jury and the appellate court to determine the defendant's sentence in *Hicks*, the *Wims* jury *did* make a determination regarding the truth of the weapon-use allegations, albeit without instruction from the court on the elements of the enhancement. (*Wims, supra,* 10 Cal.4th at p. 310.) This determination, coupled with subsequent appellate review of the jury's findings in that case, afforded the defendants "their full jury rights and, thus, due process of law under *Hicks*." (*Wims, supra,* 10 Cal.4th at pp. 310-311.)

Here, similar to *Wims*, the denial of a statutory entitlement to a jury finding on the truth of a prior prison term sentence-enhancement allegation is markedly different from the deprivation of state-mandated jury discretion that occurred in *Hicks*. Like the weapon-use sentence enhancement scheme at issue in *Wims*, the determination of the truth of a prior prison term allegation does not require the jury to perform a discretionary sentencing function. Rather, the jury is charged with factfinding, i.e., determining whether or not the allegation of the prior prison term is true. (Cf. *Wims, supra,* 10 Cal.4th at pp. 309-310; cf. *People* v. *Brown* (1988) 46 Cal.3d 432, 447-448 [250 Cal.Rptr. 604, 758 P.2d 1135] [distinguishing capital jury's constitutionally mandated exercise of vast discretion from guilt phase jury's role as fact finder].)

The fact that, in this case, the court rather than a jury determined the truth of the prior prison term allegations does not make the reasoning of *Wims* inapplicable here. Defendant claims he was denied the right to *jury trial* on the truth of the sentence enhancement allegations. He does not assert, nor does the record in this case suggest, he was denied a *fair trial*. As we shall explain, because defendant was afforded a fair determination of the truth of the prior prison term allegations by the trial court sitting as a trier of fact, he was afforded "due process of law under *Hicks*." (*Wims, supra,* 10 Cal.4th at p. 311.)

■ "[T]rial by jury . . . is fundamental to the American scheme of justice" (*Duncan* v. *Louisiana* (1968) 391 U.S. 145, 149 [88 S.Ct. 1444, 1447, 20 L.Ed.2d 491]; see also *id.* at p. 153 [88 S.Ct. at pp. 1449-1450]), and the due process clause of the Fourteenth Amendment thus guarantees an accused the right to jury trial in a criminal case. (*Duncan* v. *Louisiana, supra,* 391 U.S. at p. 149 [88 S.Ct. at pp. 1447-1448].) As a matter of federal due process, the states must afford their criminal defendants the right to jury trial

in any criminal case that would be subject to the Sixth Amendment's guarantee of trial by jury had the case been tried in federal court. (*Ibid.*) A "fair" court trial does not cure the deprivation of this constitutional right. (*People* v. *Sandoval* (1987) 188 Cal.App.3d 1428, 1434 [234 Cal.Rptr. 97].)

■ There is, however, no Sixth Amendment right to jury trial on sentence enhancement allegations. (*Wims, supra,* 10 Cal.4th at pp. 303-309; *Wiley, supra,* 9 Cal.4th at p. 585; see also *McMillan* v. *Pennsylvania* (1986) 477 U.S. 79, 93 [106 S.Ct. 2411, 2419-2420, 91 L.Ed.2d 67] [no Sixth Amendment right to jury sentencing, even when imposition of sentence depends on factual findings].) Indeed, the majority of states and the federal government eschew jury determination of the truth of alleged prior convictions. (*People* v. *Calderon* (1994) 9 Cal.4th 69, 76 [36 Cal.Rptr.2d 333, 885 P.2d 83].) Thus, the substitution of a fair court trial for jury trial on a sentence enhancement allegation does not constitute a violation of federal due process. So long as defendant received a fair court trial on the truth of the prior prison term allegations—and he does not contend otherwise—his claim of ineffectual waiver does not constitute a federal due process claim. The Court of Appeal incorrectly concluded, therefore, defendant's claim was preserved for appellate review.

### III. *Conclusion and Disposition*

Defendant's claim that he was deprived of his statutory right to jury trial on the prior prison term allegations does not implicate the state or federal constitutional right to jury trial or the federal due process clause. He was therefore obligated to bring the alleged error to the attention of the trial court in order to preserve his claim for appellate review. Defendant failed to object to the discharge of the jury or otherwise indicate to the trial court his desire for jury trial of the prior prison term allegations. He was thus precluded from arguing for the first time on appeal that the trial court erred by conducting a court trial on the truth of the prior prison term allegations without having first obtained from defendant an express, personal waiver of jury trial. As this court explained a century ago, "[t]he defendant can not remain silent and take the chance of a favorable issue, and, losing, urge as [a] ground for reversal an error, which, but for his silence, might never have found its way into the case. His failure to object justly gives rise to the inference that at the time he saw no injury being done [to] him, and he can not complain on being met here by a barrier arising from his own omission." (*People* v. *Kramer* (1897) 117 Cal. 647, 651 [49 P. 842].)

The judgment of the Court of Appeal is affirmed.

George, C. J., Baxter, J., and Chin, J., concurred.

**MOSK, J.**—I dissent. Whether or not defendant had a state constitutional right to a jury trial on the truth of a prior prison term sentence enhancement, he undoubtedly had a statutory right to a jury trial, absent a waiver. (Pen. Code, §§ 969½, 1025, 1158.) For the reasons stated in Justice Kennard's dissenting opinion, it is appropriate to infer that the Legislature meant this waiver of the statutory jury trial right, like waiver of the state constitutional right found in California Constitution, article I, section 16, to be express and personal, or at the very least an *affirmative* waiver. Thus, the majority inexplicably read the waiver requirement out of the statutes by holding that this statutory jury trial right can be forfeited by default.

*People v. Saunders* (1993) 5 Cal.4th 580 [20 Cal.Rptr.2d 638, 853 P.2d 1093], on which the majority principally rely, is readily distinguishable. In that case, the court concluded that a defendant's statutory right under Penal Code section 1025 to have the truth of prior conviction allegations tried to the same jury as found him guilty of the substantive offense could be forfeited by a failure to object to the discharge of that jury. The court's ruling was based on the common law rule of appellate procedure that " ' "[a]n appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method . . . ." ' " (*Saunders, supra,* 5 Cal.4th at pp. 589-590.) But the right at issue in *Saunders* was not accompanied by an explicit waiver provision. Obviously, the rule that a defendant forfeits appellate claims for errors to which he failed to object at trial does not apply to a claim that a right has been violated, when either the Constitution or statute provide that the right can be forfeit only by affirmative waiver. The right to a jury trial on the truth of prior prison term sentence enhancements is such a right, and defendant in this case failed to waive the right.

Like Justice Kennard, I would set aside the prior prison term allegations without engaging in harmless error analysis, since the error is a structural one. (*People v. Cahill* (1993) 5 Cal.4th 478, 501 [20 Cal.Rptr.2d 582, 853 P.2d 1037].) To engage in such analysis, indeed, would be tantamount to creating a new class of "harmless per se" error, since prejudice could never be shown from having a court, rather than a jury, determine the truth of prior conviction allegations.

**KENNARD, J.**—I dissent.

As the majority concedes, defendant Jose Basilio Vera was statutorily entitled to a jury trial on the truth of the prior prison term sentence

enhancement allegation. As the majority also concedes, defendant did not receive a jury trial on that allegation. Holding that defendant is entitled to no relief, the majority concludes that the issue of whether defendant validly waived his right to jury trial on the enhancement allegation is not preserved for appellate review because defendant failed to object in superior court. In so concluding, the majority discards the existing system of procedure, familiar to all practitioners of criminal law, under which a defendant must receive a jury trial on sentence enhancement allegations absent a valid waiver of the right of jury trial. In its place, the majority erects a new system of procedure, under which sentence enhancement allegations may be tried to and determined by the court, without a jury, unless the defendant protests. This transformation of criminal procedure cannot be reconciled with the California Constitution, the relevant provisions of the Penal Code, or the prior decisions of this state's courts.

### The California Constitution

Our state Constitution provides: "Trial by jury is an inviolate right and shall be secured to all, but in a civil cause three-fourths of the jury may render a verdict. A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel. In a civil cause a jury may be waived by the consent of the parties expressed as prescribed by statute." (Cal. Const., art. I, § 16, 1st par.)

By means of this provision, the Constitution has granted the Legislature authority to determine the manner in which parties to *civil* proceedings may waive the right of jury trial. The Legislature has exercised this authority by enacting statutory provisions prescribing the manner of waiving jury trial in civil cases. (See, e.g., Code Civ. Proc., § 631.) But the Constitution grants the Legislature no authority to determine the manner in which parties to *criminal* proceedings may waive jury trial, nor has the Legislature ever claimed to possess such authority. One searches the Penal Code in vain for a provision prescribing the manner of waiving jury trial in a criminal case.

Rather than delegating to the Legislature the power to determine the manner of waiving jury trial in criminal cases, the Constitution itself specifies the only manner in which jury trial may validly be waived in a criminal case—that is, "by the consent of both parties expressed in open court by the defendant and the defendant's counsel." (Cal. Const., art. I, § 16, 1st par.)

By holding that the denial of jury trial on a sentence enhancement allegation is not reviewable on appeal absent an objection by the defendant

in the trial court, the majority has decided that a right to jury trial in a criminal case may be waived by silence. This conclusion is irreconcilable with the constitutional text quoted above, which establishes that the only method by which a defendant in a criminal case may waive a right of jury trial is by expressly consenting in open court, with the concurrence of the defendant's counsel, to a trial by the court rather than a jury.

The majority recognizes the difficulty presented by the constitutional text. To overcome this difficulty, the majority reasons that because the right to jury trial on sentence enhancement allegations derives merely from statute and not from the state or federal Constitution (see *People* v. *Wiley* (1995) 9 Cal.4th 580, 589 [38 Cal.Rptr.2d 347, 889 P.2d 541]; but see also *People* v. *Wims* (1995) 10 Cal.4th 293, 317 [41 Cal.Rptr.2d 241, 895 P.2d 77] (conc. and dis. opn. of Kennard, J.)), the constitutional provision cited above is irrelevant and may be ignored. (Maj. opn., *ante*, at p. 278.)

The flaw in this reasoning is that it is not faithful to the constitutional text, which provides a single clear procedure for waiver of *any* jury trial right in *any* criminal proceeding, drawing no distinction between statutory and constitutional jury trial rights.

*The Penal Code*

In the Penal Code, the Legislature has expressly provided that a prior conviction sentence enhancement allegation "must be tried by a jury impanelled for that purpose, *unless a jury is waived*, in which case it may be tried by the court." (Pen. Code, § 969½, italics added; see also *id.*, §§ 1025, 1158.) The majority's decision cannot be reconciled with this statutory language. By holding that an objection is necessary to preserve for appeal a claim of denial of jury trial, the majority permits prior conviction sentence enhancement allegations to be tried to the court unless the defendant protests, rather than, as the Legislature has provided, to a jury unless a jury is waived.

As previously noted, the Legislature has not enacted, in the Penal Code or elsewhere, a provision specifying the manner of waiving a jury in a criminal case. From the absence of such a provision, it is reasonable to infer that the Legislature intended to incorporate the constitutional waiver standards for criminal cases—that is, the requirement that a waiver of jury trial be "by the consent of both parties expressed in open court by the defendant and the defendant's counsel" (Cal. Const., art. I, § 16, 1st par)—as the standard for

jury waivers under Penal Code section 969½. The majority's decision in this case is contrary to this apparent legislative intent. By holding that an objection is necessary to preserve for appeal a claim of denial of jury trial, the majority authorizes a jury waiver by mere silence.

*Prior Decisions of California Courts*

This court has held, consistent with the constitutional text quoted above, that the right of jury trial in a criminal case may not be waived by implication. (*People* v. *Ernst* (1994) 8 Cal.4th 441, 445 [34 Cal.Rptr.2d 238, 881 P.2d 298]; *People* v. *Holmes* (1960) 54 Cal.2d 442, 443-444 [5 Cal.Rptr. 871, 353 P.2d 583].) "Since a waiver cannot be predicated on an implied consent, it is obvious that no valid waiver occurs where defendant merely fails to object to the trial of his case without a jury." (*People* v. *Walker* (1959) 170 Cal.App.2d 159, 166 [338 P.2d 536]; see also *People* v. *Saunders* (1993) 5 Cal.4th 580, 589, fn. 5 [20 Cal.Rptr.2d 638, 853 P.2d 1093] ["Defendant's failure to object also would not preclude his asserting on appeal that he was denied his constitutional right to a jury trial."].)

This rule is not limited to the trial of substantive offenses. The courts of this state have consistently held that the right of jury trial on prior conviction allegations must be waived expressly and may not be waived by mere silence. (*People* v. *Luick* (1972) 24 Cal.App.3d 555, 558 [101 Cal.Rptr. 252]; *People* v. *Guaracha* (1969) 272 Cal.App.2d 839, 843 [77 Cal.Rptr. 695]; *People* v. *Ray* (1965) 238 Cal.App.2d 734, 735 [48 Cal.Rptr. 167] (per Kaus, J.).) The majority impliedly overrules this line of settled authority.

*Conclusion*

Defendant was entitled to have a jury determine the truth of the prior prison term sentence enhancement allegations. (Pen. Code, §§ 969½, 1025, 1158.) Defendant did not personally and expressly waive jury trial on the truth of those allegations. Accordingly, determination of the truth of those allegations by the trial court, rather than by a jury, violated defendant's right of jury trial.

Defendant was not required to object in the trial court to preserve for appeal the claim that he was denied his right to jury trial. To impose such a requirement effectively permits waiver by silence, a result that is fundamentally incompatible with the constitutional command that jury trial waivers in criminal cases be personal and express.

The denial of jury trial is a structural error that can never be harmless, no matter how strong the evidence of guilt. (*People* v. *Ernst, supra,* 8 Cal.4th 441, 449; *People* v. *Cahill* (1993) 5 Cal.4th 478, 501 [20 Cal.Rptr.2d 582, 853 P.2d 1037].) Accordingly, the findings on the prior prison term allegations should be set aside. I would do so.

**WERDEGAR, J.**—I join in the dissenting opinions of Justices Mosk and Kennard; specifically, I agree the Penal Code establishes a procedural scheme in which a criminal defendant is entitled to have a jury determine the truth or falsity of prior prison term enhancement allegations (see Pen. Code, §§ 969½, 1025, 1158) unless the defendant expressly and personally waives that right as prescribed by section 16 of article I of our state Constitution. For the reasons set forth in those separate opinions, I believe the majority errs in holding a criminal defendant forfeits the ability to raise the jury issue on appeal unless he or she specifically objects to proceeding without a jury.

I write separately to emphasize that this procedural scheme is statutory only. (See *People* v. *Wiley* (1995) 9 Cal.4th 580, 585-586 [38 Cal.Rptr.2d 347, 889 P.2d 541] [neither state nor federal Constitution grants right to jury trial on truth of prior conviction allegations].) Because, however, the right involved is the right to a jury, and no statute, but only a specific provision of our state Constitution, addresses waiver of the right (Cal. Const., art. I, § 16), I see no alternative but to conclude the state constitutional provision governs the waiver of a jury trial on allegations of prior convictions. Moreover, as Justices Mosk and Kennard observe, violation of that state constitutional provision is a structural error that cannot be deemed harmless.

The Legislature, of course, remains free to alter this situation. Because the jury trial right for prior conviction allegations is statutory only, the Legislature could abolish the right by amending or deleting Penal Code section 1025 and related statutes. Having the greater power to abolish the right, I see no impediment to the Legislature exercising a power short of that and enacting a statute providing that the jury trial right may be forfeited by inaction, as the majority holds, or impliedly waived by affirmative conduct by either defendant or his counsel. (Cf. *People* v. *Howard* (1991) 1 Cal.4th 1132, 1179-1180 [5 Cal.Rptr.2d 268, 824 P.2d 1315] [examination of totality of circumstances appropriate to determine whether defendant's waiver of right to be free of compelled self-incrimination was voluntary and intelligent].)

Finding, however, no existing statutory provision permitting an appellate court to conclude a criminal defendant forfeits his or her jury trial right by

failing to object, I agree with Justices Mosk and Kennard article I, section 16 of the California Constitution applies here. I further agree that, lacking any means by which to assess the prejudice flowing from the error, the prior prison term enhancements must be set aside.