116 Cal.Rptr.2d 205 (2002)
95 Cal.App.4th 936
The PEOPLE, Plaintiff and Respondent,
v.
Jesse Dee TURNER, Defendant and Appellant.
No. C037315.
Court of Appeal, Third District.
January 31, 2002.
Rehearing Granted February 21, 2002.
Tamara P. Holland, Berkeley, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Senior Assistant Attorney General, Wanda Hill Rouzan, Supervising Deputy Attorney General, for Plaintiff and Respondent.
*206 SIMS, Acting P.J.
On September 18, 2000, defendant Jesse Dee Turner pled guilty to possession for sale of methamphetamine (Health & Saf. Code, § 11378) and being a felon in possession of a firearm (Pen.Code, § 12021.1, subd. (a)). Defendant also admitted as true allegations he suffered a prior serious felony conviction (Pen.Code, §§ 667, subd. (d), 1170.12, subd. (b)) and served a prior prison term (Pen.Code, § 667.5, subd. (b)).
On October 16, 2000, the day set for sentencing, defendant was granted a continuance to allow him to file a motion to withdraw his guilty plea.
On November 6, 2000, the sentencing hearing was reset because defendant had not filed the motion to withdraw his guilty plea. Defendant never moved to withdraw his plea.
On December 5, 2000, defendant was sentenced to a total of five years in state prison.
On December 21, 2000, defendant filed a notice of appeal and a request for a certificate of probable cause. The request for the certificate was supported by a declaration from defendant. In his declaration, defendant averred that a parole agent, who had participated in the search of a truck in which defendant had been a passenger, lied in his report when the agent described the truck as being owned by the defendant. In fact, according to a police report prepared by a police officer, the truck had been owned by defendant's brother. Defendant acknowledged that he received the parole agent's report two days after he entered his guilty plea.
The trial court granted defendant a certificate of probable cause.
On appeal, defendant contends this court should set aside his guilty plea because it was not knowingly and intelligently made (and was therefore involuntary), in that defendant was not made aware of the alleged falsehood in the parole agent's report until after he entered his plea.
Defendant has forfeited this claim on appeal because he never made a motion to withdraw his plea in the trial court.
Thus, as a general rule, "an appellate court will not consider claims of error that could have beenbut were notraised in the trial court. [Citation.]" (People v. Vera (1997) 15 Cal.4th 269, 275, 62 Cal. Rptr.2d 754, 934 P.2d 1279; see People v. Simon (2001) 25 Cal.4th 1082, 1103, 108 Cal.Rptr.2d 385, 25 P.3d 598, and authorities cited therein; People v. Saunders (1993) 5 Cal.4th 580, 589-590, 20 Cal. Rptr.2d 638, 853 P.2d 1093.)
Here, Penal Code section 1018 expressly authorized defendant to move to withdraw his plea "at any time before judgment."[1] *207 (See People v. Cruz (1974) 12 Cal.3d 562, 566, fn. 5, 116 Cal.Rptr. 242, 526 P.2d 250.) The record demonstrates defendant was aware of the circumstances that allegedly caused his plea to be involuntary some two days after entry of the plea and well before judgment, that defendant thereafter obtained a continuance to allow him to file a motion to withdraw his plea, and that no such motion was ever made. In the circumstances, by failing to move to withdraw his plea in the trial court, defendant has forfeited the claim on appeal that his plea was entered involuntarily. (People v. Marsh (1984) 36 Cal.3d 134, 140, 202 Cal. Rptr. 92, 679 P.2d 1033; People v. Massie (1967) 66 Cal.2d 899, 910, 59 Cal.Rptr. 733, 428 P.2d 869; People v. Pinon (1973) 35 Cal.App.3d 120, 126, 110 Cal.Rptr. 406; People v. Barajas (1972) 26 Cal.App.3d 932, 937, 103 Cal.Rptr. 405.)
Regrettably, we are unable simply to affirm the judgment, because the trial court failed to impose the mandatory $50 laboratory analysis fee that accompanies defendant's conviction for violation of Health and Safety Code section 11378. (Health & Saf.Code, § 11372.5, subd. (a).) "The fee is mandatory. [Citations.] There is no requirement that a defendant be found to have the ability to pay a criminal laboratory analysis fee before such a fee can be imposed. [Citations.]" (People v. Martinez (1998) 65 Cal.App.4th 1511, 1519, 77 Cal.Rptr.2d 492.) The fee is also subject to mandatory penalty assessments. (Pen.Code, § 1464; Gov.Code, § 76000; People v. Martinez, supra, 65 Cal.App.4th at pp. 1520-1522, 77 Cal. Rptr.2d 492.) Because the fee and penalty assessments are mandatory, this court is empowered to order defendant to pay them even though the People made no objection in the trial court. (People v. Smith (2001) 24 Cal.4th 849, 853, 102 Cal. Rptr.2d 731, 14 P.3d 942; People v. Martinez, supra, 65 Cal.App.4th at p. 1522, 77 Cal.Rptr.2d 492.)[2]
In the interest of judicial economy, we shall correct this omission without remand to the trial court. (People v. Smith, supra, 24 Cal.4th at p. 854, 102 Cal.Rptr.2d 731, 14 P.3d 942.) However, we note that the trial courts in our district are erroneously omitting this fee in far too many cases. Should this practice continue, we may begin to remand to the trial courts for imposition of this fee as a learning experience.

DISPOSITION
The judgment is modified by imposing a $50 laboratory analysis fee pursuant to Health and Safety Code section 11372.5, a $50 penalty assessment pursuant to Penal Code section 1464, and a $35 penalty assessment pursuant to Government Code section 76000. As modified, the judgment is affirmed. The trial court shall prepare *208 an amended abstract of judgment showing these modifications and shall forward a certified
We concur: MORRISON and HULL, JJ.
NOTES
[1] Penal Code section 1018 provides: "Unless otherwise provided by law, every plea shall be entered or withdrawn by the defendant himself or herself in open court. No plea of guilty of a felony for which the maximum punishment is death, or life imprisonment without the possibility of parole, shall be received from a defendant who does not appear with counsel, nor shall that plea be received without the consent of the defendant's counsel. No plea of guilty of a felony for which the maximum punishment is not death or life imprisonment without the possibility of parole shall be accepted from any defendant who does not appear with counsel unless the court shall first fully inform him or her of the right to counsel and unless the court shall find that the defendant understands the right to counsel and freely waives it, and then only if the defendant has expressly stated in open court, to the court, that he or she does not wish to be represented by counsel. On application of the defendant at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. Upon indictment or information against a corporation a plea of guilty may be put in by counsel. This section shall be liberally construed to effect these objects and to promote justice".
[2] The trial court also did not impose a drug program fee pursuant to Health and Safety Code section 11372.7. However, unlike Health and Safety Code section 11372.5, Health and Safety Code section 11372.7, subdivision (b) provides in relevant part, "If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee." We presume the trial court found an inability to pay, because the trial court is not required to state such a finding on the record; therefore, the prosecutor's failure to object to omission of the fee waives the People's claim of error on appeal. (People v. Tillman (2000) 22 Cal.4th 300, 303, 92 Cal. Rptr.2d 741, 992 P.2d 1109; People v. Martinez, supra, 65 Cal.App.4th at pp. 1516-1519, 77 Cal.Rptr.2d 492.)