Filed 2/25/14  P. v. Martin CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E057982 |
| v. | (Super.Ct.No. INF1200817) |
| CHRISTOPHER LEAVIEL MARTIN, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Bert L. Swift, Judge. (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lise S. Jacobson and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

Defendant was charged with assault with a deadly weapon. (Pen. Code[1], § 245, subd. (a)(1).) The information also alleged that he had been convicted of a prior strike (§§ 667, subd. (c)-(e), 1170.12, subd. (c)(1)), which also constituted a prior serious felony (§ 667, subd. (a)), and he had suffered three prior prison terms. (§ 667.5, subd. (b).)

Prior to the commencement of a jury trial, the trial court granted defendant's motion in limine to bifurcate the prior offense allegations. During the course of trial, the trial court asked defense counsel whether she wished the jury or the court to make the determination on the priors. Defense counsel responded that "we will just present to the Court on that."

The jury returned a guilty verdict as to the substantive offense. A bench trial ensued on the prior offense allegations and these were found true as alleged.[2]

<u>DISCUSSION</u>

Defendant challenges the true findings regarding the prior offense allegations on the ground he did not personally waive the right to a jury trial on these allegations, and the record does not indicate that his attorney ever informed him of his right to a jury trial on them.

---

[1] All further statutory references are to the Penal code unless otherwise indicated.

[2] The facts of the underlying offense are not summarized since the sole issue defendant raises pertains to the lack of a jury trial on the prior offense allegations.

The People counter that defendant forfeited this claim by failing to object when the jury was excused. In any case, any potential error was not prejudicial. We agree with both prongs of the People's argument and affirm defendant's conviction, including the true findings.

We begin our analysis with a consideration of the Supreme Court's decision in *People v. Vera* (1997) 15 Cal.4th 269 (*Vera*). In that case, the defendant did not personally waive his statutory right to a jury trial on a prior prison term enhancement; nevertheless, the trial court discharged the jury and proceeded to conduct a court trial on the allegations. (*Id*. at pp. 271-272.) The Supreme Court held the defendant's claim of error on this ground was precluded on appeal since the defendant had failed to object or otherwise assert his right to have the jury make the requisite determination. (*Id.* at p. 281.) In rejecting the argument that it was necessary for defendant to personally and expressly waive the statutory right to a jury trial, the court observed that the right to a jury determination on prior offense allegations is a statutory right under section 1025, subdivision (b).[3] The court then went on to hold that, "the requirement of an express, personal jury trial waiver relates solely to the jury trial right guaranteed by the Constitution" and not to situations in which the right to trial is merely statutory. (*Vera*, at pp. 277-278.) The court explained that since "the deprivation of the statutory right to

_____

[3] This subdivision reads: "Except as provided in subdivision (c), the question of whether or not the defendant has suffered the prior conviction shall be tried by the jury that tries the issue upon the plea of not guilty, or in the case of a plea of guilty or nolo contendere, by a jury impaneled for that purpose, or by the court if a jury is waived."

3

jury trial on the prior prison term allegations does not implicate the state or federal constitutional right to jury trial," defendant's claim of ineffectual waiver of the jury trial was precluded on appeal "[a]bsent an objection to the discharge of the jury or commencement of court trial, . . ." (*Id*. at p. 278.)

Defendant concedes that the *Vera* decision appears on its face to preclude him from asserting his claim, but he contends that *Vera* is distinguishable because the record in that case contained a clear statement that defendant's trial counsel had advised him of his right to jury trial on the prior offense allegations and that defendant wished to waive this right. The record here is silent on these matters. The attempt to distinguish *Vera* must ultimately fail when we consider that the Supreme Court in that case specifically relied on its prior decision in *People v. Saunders* (1993) 5 Cal.4th 580, where there had been no such advisal. In *Saunders,* the jury was discharged after it found him guilty of the substantive offense, but before it determined the truth of the prior conviction allegations. Defendant waived his right to a jury trial on these allegations. The next day, defense counsel stated the waiver occurred before she had informed the defendant of his right to trial on these allegations. She claimed she would not have advised her client to waive a jury trial on the allegations had she known that the jury had already been discharged. The trial court permitted the defendant to withdraw his waiver, and a new jury was impaneled, which found true the each of the prior conviction allegations. While the trial court's discharge of the first jury before that jury had determined the truth of the

4

prior conviction allegation constituted a violation of sections 1025 and 1164,[4] *Saunders* concluded that the defendant could not complain of the error because he failed to bring the matter to the trial court's attention prior to the discharge of the first jury. The important point for us to consider is that the defendant in *Saunders* was not aware of his statutory rights prior to the discharge of the first jury. So there too, it was irrelevant to the forfeiture issue whether or not petitioner had been informed of his right to jury trial on the prior offense allegations.

Furthermore, even assuming an error with respect to defendant's limited right to a jury trial of the prior conviction allegation, the error is subject to the harmless error analysis under the *Watson*[5]standard. (*People v. Epps* (2001) 25 Cal.4th 19, 29.) The Supreme Court explained in *Epps* that where the right to jury trial is created by statute, and not the Constitution, the erroneous denial of a jury trial is subject to the *Watson* test of harmless error. Here, defendant never contested that someone had been convicted of the prior offense, and his identity as that person was established by certified copies of his section 969b prison packet. Indeed, defendant concedes in his reply brief that the error was harmless if the *Watson* standard applies—which it does. Given the record before us,

---

**4** Section 1164, subdivision (b), states: "No jury shall be discharged until the court has verified on the record that the jury has either reached a verdict or has formally declared its inability to reach a verdict on all issues before it, including, but not limited to, the degree of the crime or crimes charged, and the truth of any alleged prior conviction whether in the same proceeding or in a bifurcated proceeding."

**5** *People v. Watson* (1956) 46 Cal.2d 818, 836.

5

it is not reasonably probable that a different result would have resulted had the prior conviction allegations been tried before a jury.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>RAMIREZ</u>
P. J.


We concur:


<u>RICHLI</u>
J.


<u>KING</u>
J.

6