Filed 6/25/24  P. v. Wright CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>TRAVIS MARTIN WRIGHT,<br><br>  Defendant and Appellant. | D083781<br><br><br>(Super. Ct. No. 22AD29000202) |


APPEAL from an order of the Superior Court of San Bernardino County, Steve Malone, Judge.  Affirmed.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and James Spradley, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Travis Martin Wright appeals an order denying his petition under Penal Code[1] section 290.5 to terminate his obligation to register as a sexual offender.  We find no abuse of discretion in the trial court's order and therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 1992, Wright was convicted of indecent exposure in Los Angeles under section 314, subdivision (1).  Because of this conviction, Wright received 60 days in jail and was required to register as a sex offender for life pursuant to section 290.  The facts of the registerable offense are not in the record.

On December 22, 2021, Wright was notified by the California Department of Justice that, under new section 290.5, he was classified as a "Tier 1" sex offender.  As such, Wright became subject to a minimum registration requirement of 10 years and then could petition for termination of his registration requirement.  On August 3, 2022, Wright filed a petition to terminate his sex offender registration pursuant to section 290.5.

At the hearing on the petition, the prosecution produced a computerized rap sheet detailing Wright's criminal history occurring both before and after his 1992 registerable offense.  Wright's criminal history is as follows:

In 1982, Wright was arrested for indecent exposure (§ 314.1) and convicted of participating in obscene live conduct (§ 311.6).  In 1983, Wright was arrested for soliciting a lewd act (§ 647, subd. (a)) and convicted of improper disposal of a dead animal (§ 374).  In 1986, Wright was convicted of indecent exposure (§ 314.1).  In 1988, Wright was arrested on two separate

---

[1]  All further undesignated statutory references are to the Penal Code.

occasions for indecent exposure (§ 314.1). In 1989, Wright was convicted of committing public acts against public peace (§§ 6501, 6502). In 1991, Wright was convicted of indecent exposure and put on probation for three years (§ 314.1). In 1992, Wright was arrested for indecent exposure (§ 314.1) and later arrested and convicted of soliciting a lewd act (§ 647, subd. (a)). In 1993, probation was revoked, and Wright was sentenced to two years in prison. In 1994, Wright was arrested for indecent exposure after being released from prison (§ 314.1). In 1999, Wright was arrested for soliciting a lewd act (§ 647, subd. (a)). In 2002, Wright successfully petitioned to have his 1992 conviction for soliciting a lewd act set aside under section 1203.4. In 2004, Wright was arrested for failing to register as a sex offender (§ 290 subd. (g)(2)). In 2016, Wright was arrested for indecent exposure (§ 314.1). In 2017, Wright was arrested and convicted for soliciting a lewd act (§ 647, subd. (a)).

Upon weighing the evidence presented by both parties, considering the petition and opposition, and entertaining oral argument, the trial court denied Wright's petition and set a period of five years before Wright could file a new termination petition.

Wright filed a timely notice of appeal on April 10, 2023.

DISCUSSION

Wright contends the court abused its discretion by denying his petition, which he claims violated his federal constitutional right to due process. He argues the statutory factors favored termination of registration and the prosecution did not meet its burden of proving community safety would be significantly enhanced by his continued registration. As we explain *post*, we disagree and affirm.

3

*Applicable Law and Standard of Review*

Beginning in 2021, the Legislature provided a statutory procedure for qualifying sexual offender registrants to petition the superior court to terminate their registration requirement. (§ 290.5; see *People v. Thai* (2023) 90 Cal.App.5th 427, 432 (*Thai*).) Certain requirements must be met, including minimum registration periods. (§ 290.5, subds. (a)-(b).) Wright's "Tier 1 - Adult" designation following a Department of Justice review meant that his minimum registration period was 10 years. (See §§ 290, subd. (d)(1)(A) [Tier 1 offenders include those convicted of misdemeanors and non-violent felonies]; 314, subd. (1) [the first violation of § 314 is a misdemeanor, all subsequent convictions are a felony].)

When, as here, the district attorney's office opposes termination of registration on the grounds of community safety (§ 290.5, subds. (a)(2), (3)), the prosecution bears the burden of "establishing that requiring continued registration appreciably increase[s] society's safety." (*Thai*, *supra*, 90 Cal.App.5th at p. 432.) The preponderance of the evidence standard applies. (Evid. Code, § 115.)

Section 290.5 identifies factors for the trial court to consider in determining whether "community safety would be significantly enhanced by requiring continued registration." (§ 290.5, subd. (a)(3).) These factors include: (1) "the nature and facts of the registerable offenses"; (2) "the age and number of victims"; (3) "whether any victim was a stranger at the time of the offense (known to the offender for less than 24 hours)"; (4) "criminal and relevant noncriminal behavior before and after conviction for the registerable offense"; (5) "the time period during which the person has not reoffended"; (6) "successful completion, if any, of a Sex Offender Management Board-certified sex offender treatment program"; and (7) "the person's current risk

4

of sexual or violent reoffense, including the person's risk levels on SARASTO static, dynamic, and violence risk assessment instruments, if available.[2] Any judicial determination made pursuant to this section may be heard and determined upon declarations, affidavits, police reports, or any other evidence submitted by the parties which is reliable, material, and relevant." (*Ibid.*)

We review the trial court's ruling granting or denying a registration termination petition under the abuse of discretion standard. (*Thai, supra*, 90 Cal.App.5th at p. 433.) "To establish an abuse of discretion, a defendant must demonstrate the trial court's decision fell outside the bounds of reason i.e., was arbitrary, capricious, or patently absurd." (*Ibid.* [noting that a "debatable ruling is not an abuse of discretion"].)

*Analysis*

Wright relies on three reasons to support terminating his registration. First, Wright contends that the 30-year period since his last registerable conviction demonstrates that he does not pose a current risk to public safety. Second, Wright argues his lack of arrests or convictions for any type of violence or aggression shows that he is not a threat to public safety. Third, Wright asserts the absence of facts of the registerable offenses establishes that the prosecution failed to meet their burden of proof in opposing the petition.

The parties agreed that Wright's crime under section 314, subdivision (1) made him a Tier-1 offender subject to the ten-year registration requirement, which he had served when the new law went into effect (§ 290, subd. (d)(1)). Contrary to Wright's claims, however, his history of numerous sexual misconduct offenses, which spanned 45 years and

---

2     SARASTO stands for "State-Authorized Risk Assessment Tool for Sex Offenders." (§ 290.04 subd. (a)(1).)

5

occurred as recently as 2016 and 2017, demonstrated that community safety would be significantly enhanced by his continued registration for five years. Wright's extensive criminal history thus remains a valid cause for concern, including numerous arrests, convictions, probation violations, and a state prison commitment.

Even if some of the factors were in Wright's favor, such as the absence of facts regarding his registerable offense, victims, and treatment programs, the trial court was justified by relying on Wright's extensive history of sexual misconduct. The totality of Wright's relevant criminal history shows that, after a series of six arrests or convictions for sexual criminal conduct from 1982 to 1993, Wright was not deterred from engaging in further untoward acts as he violated his probation resulting in a two-year prison sentence. The trial court also noted two additional arrests for sexual misconduct from 1994 to 1999. The trial court highlighted that Wright had previously expunged his 2002 registerable offense pursuant to section 1203.4 by presumably representing that he had become a law-abiding citizen. After a break from sexual misconduct from 1999 to 2016, Wright was again arrested for sexual misconduct in 2016 and 2017. The trial court was correct to conclude that Wright's criminal history pointed to a continuing risk.

Wright attempts to minimize his criminal history by arguing that his most recent registerable offense occurred 30 years ago, which does not prove a current risk. But a lifelong habit of criminal sexual misconduct, occurring as recently as 2017, is overwhelming and substantial evidence that community safety would be significantly enhanced by Wright's continued registration. To find an abuse of discretion, we have to find no reasonable judge would have relied on this information to deny the petition. (See e.g.,

6

*Sargon Enterprises, Inc. v. Univ. of So. Cal.* (2012) 55 Cal.4th 747, 773.)
We cannot find that here.

   *Thai*, on which Wright relies, is instructive. There, "[o]ther than
evidence of the 24-year-old underlying offense, the prosecution offered no
evidence Thai presents a danger today. Indeed, the evidence demonstrates
the opposite. For almost 24 years, Thai had not suffered any conviction."
(*Thai, supra*, 90 Cal.App.5th at p. 434.) Here, in contrast, Wright was
arrested nine times between 1982 and 2017 for sexual misconduct, which
resulted in several convictions both before and after his registerable offense.
Wright's misconduct continued for decades and demonstrated a continual
proclivity to commit sexual offenses. Wright's criminal history establishes
with reasonable, credible, and solid evidence that community safety would be
significantly enhanced by requiring Wright's continued registration. Thus,
substantial evidence supports the trial court's conclusion that continued
registration and a set period of five years before Wright can file a new
termination petition served ongoing community safety interests.

   Finally, Wright contends that the trial court's abuse of discretion
violated his federal due process rights. When an appellant receives a fair
determination by the trial court for their claim for relief, no due process
violation occurs. (See e.g., *People v. Vera* (1997) 15 Cal.4th 269, 280.) Here,
the trial court exercised informed discretion when it evaluated the proper
factors and evidence in deciding to deny Wright's petition. Thus, the trial
court's reasoning was not arbitrary or capricious. Accordingly, no due process
violation occurred.

DISPOSITION

The trial court's order is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

IRION, J.

RUBIN, J.